The State ex rel. Stuart v. Maloney.

THE STATE *ex rel.* STUART, Collector, v. MALONEY *et al.,*
*Appellants.*

Division One, January 23, 1893.

1. **Taxes:** CERTIFIED TAX BILL: EVIDENCE.   A duly certified tax bill is *prima facie* evidence that the amount thereof is correct.

2. **Evidence:** COURT RECORDS.   The general rule respecting the necessity of producing the record to show the acts of a court declared and some of its limitations as to admitting oral evidence stated.

3. **Records, Authenticity of:** TRIAL BY COURT.   Where an issue is made touching the authenticity of a document offered as an official record, it is triable by the court.

4. **Practice, Appellate:** ERROR, BURDEN OF SHOWING.   Those ascribing error to a trial court must show it affirmatively.

5. **Pleading:** ADMISSIONS.   No proof need be offered of facts admitted in the pleadings.

*Appeal from   Sullivan   Circuit   Court.*—HON.   G.   D.
BURGESS, Judge.

AFFIRMED.

*J. P. Butler* for appellants.

(1) The court erred in excluding proper and competent evidence for the defendants. It was essential to plaintiff's recovery in this action that it appear by order of the county court entered of record that it had examined and corrected the delinquent list returned by the collector, and that such list so examined and corrected had been certified and filed in the office of the county clerk. Revised Statutes, 1879, sec. 6824. Unless these things were done, no legal delinquent list of back-tax book could be made. Nor could any legal back-tax bill be made therefrom unless these essential requirements were first complied with. *State ex rel. v. Scott*, 96 Mo. 72. The defendant offered to prove from the records as they existed at the time that none of these things had been done. They also offered to prove by the county clerk that these things had not been done, and that the only attempt to make such a record had been made a short time before the trial by adding to each of the records of the several settlements interlineations. (2) The court erred in rendering judgment for the plaintiff in that there was no evidence before the court to prove that Sullivan county had adopted township organization, whereby the treasurer could become or was ex-officio collector and entitled to recover for the taxes sued for. Judicial notice is not taken of the fact that a county has adopted township organization. *State v. Hayes*, 78 Mo. 600; *State v. Cleveland*, 80 Mo. 108; *Spenlock v. Dougherty*, 81 Mo. 171; *City v. Railroad*, 79 Mo. 98. There being no proof there is no presumption of right to recover.

*J. W. Childers* for respondent.

(1) Parol evidence is inadmissible to disprove the solemn records of a court of record. 1 Greenleaf on

Evidence [Redfield's Ed.] sec. 86; *Maupin v. Franklin Co.*, 67 Mo. 327; *Freeman v. Thompson*, 53 Mo. 183; *State ex rel v. Prinner*, 61 Mo. 166; *County v. Wood*, 84 Mo. 489. (2) The objection is not well taken that there was no evidence before the court showing that Sullivan county had adopted the township organization whereby the treasurer could become the ex-officio collector. The tax bill made out a *prima facie* case and besides the answer admits that he is treasurer and ex-officio collector.

BARCLAY, J. — The relator brought this action as treasurer of Sullivan county, and as such collector of the revenue, to recover delinquent taxes duly charged upon lands of defendants for the years 1884, 1885 and 1886.

The substantial issues will be sufficiently developed without a full recital of the pleadings.

At the trial plaintiff read in evidence, without objection, a back-tax bill, certified in proper form, showing the tax indebtedness alleged in the petition for the years mentioned. Plaintiff then rested.

What then occurred is thus stated in the bill of exceptions: "The defendants to sustain the issues on their part offered and read in evidence the record of the county court, showing settlement made with the treasurer and ex-officio collector of said county for the years 1884, 1885 and 1886.

"The defendants then produced as a witness, N. J. Winters, deputy clerk of the county court, during the years 1884, 1885 and 1886, and offered to prove by him 'that at the respective times when said settlements were made with the collector no order of the court was made or certificate granted showing that the delinquent or back-tax lists had been examined or corrected by the county court as required by law.'

"The defendants further offered to show by said witness that, after the commencement of this suit and a short time before the trial hereof, without authority or legal direction from the county court, the following was added to each of said respective settlements, viz.: *'And the delinquent list returned is now examined and corrected, and the list so corrected is ordered certified and filed in the office of the clerk of this court.'*

"To the introduction of this evidence the plaintiff objected for the reason that the record could not be attacked or contested in a proceeding of this kind in that way. The objection was sustained by the court."

Defendants duly excepted to the ruling and offered no further testimony. The court then found for the plaintiff for the amount shown by the tax bill, and rendered judgment accordingly.

Defendants moved for a new trial on the ground of the exclusion of the evidence above indicated. Their motion was overruled. In due course they prosecuted the present appeal.

I. The duly certified tax bill was *prima facie* evidence that the amount claimed was just and correct. Revised Statutes, 1889, sec. 7682, same as sec. 6837, of 1879; *State ex rel v. Rau*, 93 Mo. (1887), 126. The judgment was therefore sufficiently supported by evidence.

II. The criticism of the proceedings at the trial is directed mainly against the court's ruling upon the testimony already indicated.

The offer, which the court rejected, contemplated certain oral statements by the deputy county clerk, touching the contents of the records in his custody.

Generally speaking, the proceedings of a court possessing one are provable only by its record, or by an authorized copy properly presented in evidence.

But this general rule carries with it the corollary that verbal testimony may sometimes be requisite to identify as the record a particular document (*Walter v. Belding*, 24 Vt. (1853), 658), or to vindicate the true record by pointing out any falsification it may have sustained (*State v. Gonce*, 79 Mo. (1883), 600). Evidence of the latter sort is admissible upon the same principle that sanctions oral testimony of the contents of documents when the originals are shown to have been destroyed.

A record that has suffered partial destruction by forgery, or other illegal act obliterating its true purport, is, to the extent of such damage, as dependent on extrinsic testimony to restore its force · and meaning as though it had been destroyed by the action of the forces of nature.

What is the record, is a question which occasionally arises for decision, and when raised is usually of considerable importance. Such an issue was formerly the subject of a special mode of investigation, known as trial by record (3 Stephen's Commentaries [1 Am. Ed.] p. 583); and while, in modern practice, the ancient forms of such trial are no longer followed, their substance remains in the rule that the authenticity of a document, produced as an official record, is triable by the court, when the issue is properly made. *Thompson v. Williams*, 7 S. & M. (1846), 270.

But, in the examination of such an issue, the validity of a particular existing record may not be collaterally impeached by verbal statements contradicting the terms of the paper found by the court to be the authentic record.

In the case at bar, we see that defendants introduced first an admitted record of the county court, which was received in evidence without objection.

Then they offered the oral testimony of the clerk, outlined in the quotation above from the bill of exceptions. The court excluded it.

The difficulty of defendants' position now, in questioning that ruling, is that they have not exhibited the terms of the record entry first read by them. Those terms may have been such as to bring defendants' offer of proof under the ban of the rule we have referred to, forbidding the contradiction of an established record by oral evidence. If so, the court's ruling was clearly right.

It devolves on those ascribing error to the trial judge to show it affirmatively. In the absence of such showing, it is to be assumed that his rulings are free of legal fault.

III. The only other assignment of error asserts that relator has no right to maintain in this action, since no evidence was given showing Sullivan county to be under township organization, and that without such proof the county treasurer was not entitled to sue as collector of the revenue. Undoubtedly defendants are correct in the contention that relator's right as treasurer to enforce collection of these taxes depends on the fact that the county has adopted township organization (Revised Statutes, 1889, sec. 8486); but the conclusion they suggest does not follow. The petition alleges that relator is the "treasurer and ex-officio collector of the revenue within and for the county" of Sullivan; and the defendants, by their answer, "admit that J. H. C. Stuart was at the commencement of this suit, and is now treasurer and ex-officio collector of the revenue of said county, as alleged in the petition."

Such a fact, thus expressly admitted in the pleadings, need not be the subject of proof, but is to be taken as true for the purposes of the litigation, at least.

IV. Where an issue is made touching the authenticity of a document offered as an official record, it is triable by the court.

No error having been shown in the record before us, the judgment is affirmed. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.