SNELL *et al.* v. HARRISON *et al.*, *Appellants.*

In Banc, December 10, 1895.           •

1. **Cotenancy**: ADVERSE POSSESSION: EJECTMENT: LIMITATION. Where a tenant in common recovers judgment in ejectment against his cotenant who claimed by adverse possession, the interruption to the statute of limitations interposed by the commencement of the action of ejectment continues during the life of the judgment for plaintiff, though no writ of restitution was issued, and no possession was taken under such judgment.

2. **Partition**: LEGAL TITLE: PARTIES. The fact that a trustee of an express trust holding the legal title to land has joined with him as plaintiffs in a partition proceeding *cestuis que trust* who are minors, is not sufficient ground for the abatement of the action.

3. ———: EJECTMENT: RENTS AND PROFITS. A judgment for rents and profits, in ejectment by a tenant against his cotenant, is a proper charge against the share of the latter in a subsequent proceeding for the partition of the premises.

*Appeal from Johnson Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Charles E. Morrow* and *A. B. Logan* for appellants.

(1) A party out of possession can not maintain partition against one in possession and holding adversely to him. *Wommack v. Whitmore*, 58 Mo. 448; *Hausler v. Iron Co.*, 110 Mo. 189; *Colvin v. Hauenstein*, 110 Mo. 575. (2) The plea of the statute of limitations, that is, that defendant Brunetta Harrison is now, and for more than ten years before the filing of plaintiff's petition has been, in the open, visible, notorious, exclusive, adverse, and uninterrupted possession of all the land sued for, is a complete defense to this action.

R. S. 1889, sec. 6764; *Shaw v. Gregore*, 41 Mo. 407; *Briscoe v. Johnson*, 35 Mo. 326; *Wommack v. Whitmore*, 58 Mo. 448; *Forder v. Davis*, 38 Mo. 107; *Peck v. Lockridge*, 97 Mo. 558. (3) Defendant Brunetta Harrison claims under a sheriff's deed to Dr. J. H. Warren, and a deed from said Warren to her. These conveyances were prior, in point of time, to any claim of title by plaintiffs, and the statutes began to run in her favor from the date of those deeds. *Sharp v. Cheatham*, 88 Mo. 510; *Munson v. Ensor*, 94 Mo. 556; *Fox v. Hall*, 74 Mo. 315; *Ozark Land Co. v. Hays*, 105 Mo. 143; *Hope v. Blair*, 105 Mo. 85. (4) The defendant, Brunetta Harrison, was in possession of the land under her deeds from Warren at the time she bought in the outstanding title held by Harvey Harrison, and she had a right to buy in the same to perfect her title. *Campbell v. Laclede Gas Co.*, 84 Mo. 371; Wood on Lim. of Act., sec. 266, pp. 558, 559, 560; 3 Wash. Real Prop., sec. 7, pp. 22, 25, 26; *Jackson v. Smith*, 13 Johns. 413. (5) Defendant's deeds offered in evidence convey to her the entire estate, and no presumption of joint tenancy, or tenancy in common, arises. Freeman on Cotenancy and Part., secs. 106, 197, 224, 229, 230; *Cannon v. Stockman*, 36 Cal. 538; *Schuhman v. Garrett*, 16 Cal. 100; *Watkins v. Holman*, 16 Pet. 53; *Shannon v. Kingman*, 1 N. Y. 246; *Long v. Stapp*, 49 Mo. 508; *Warfield v. Lindell*, 30 Mo. 282; *Warfield v. Lindell*, 38 Mo. 578; *Soper v. Paul*, 47 Mo. 590. (6) The question of the minority of some of the plaintiffs was raised on the trial of the case. Suits by infants must be by guardian. *Colvin v. Hauenstein*, 110 Mo. 575. (7) Where there is an adverse possession there can be no constructive possession. Tiedeman on Real Property, sec. 695.

*J. W. Sudduth* and *Fyke, Yates & Fyke* for respondents.

(1)  The judgment in the ejectment suit forever settled the rights and interest of the plaintiffs in the land, and was all that was necessary to enable plaintiffs to maintain an action in partition.  *Lambert v. Blumenthal*, 26 Mo. 471; *Halloway v. Halloway*, 97 Mo. 628; *Chouteau v. Gibson*, 76 Mo. 38; *Preston v. Rickets*, 91 Mo. 320; *St. Louis v. Lumber Co.*, 98 Mo. 613. (2)  The cause of action did not accrue in this suit until the judgment was rendered in the ejectment suit. (3)  It is wholly immaterial that some of plaintiffs were minors at the time this suit was brought; they had arrived at their majority before the suit was tried; moreover, the judgment was in their favor, and such being the case, appellants can not complain.  *Robinson v. Hood*, 67 Mo. 660; *Halton v. Towner*, 81 Mo. 360. (4)  The judgment rendered for rents and profits in the ejectment suit is no bar to a judgment for rents in this case.  It does not appear that any part of that judgment has ever been paid.  Of course there can be but one satisfaction.  It was proper in this action to have an accounting of the rents and profits received by defendants in excess of their share.  *Halloway v. Halloway, supra; Medford v. Frazier*, 58 Miss. 241; *Scott v. Guernsey*, 60 Barb. 163; *Hannon v. Osborn*, 4 Paige (N. Y.), 336.

Brace, C. J.—This is an action in partition by the devisees and heirs at law of John Snell, deceased, against Brunetta Harrison and George W. Harrison, her husband, and the administrator of Harvey Harrison, deceased, in which the plaintiffs obtained judgment and order of sale, and the defendants appeal.

The land sought to be divided is one hundred and sixty acres situate in section 13, township 45, range 24, in said county, particularly described in the petition, in which it is alleged that the plaintiff, John R. Snell, acquired the legal title to the shares therein claimed by him and his coplaintiffs, as executor of the estate of the said John Snell, deceased, and that he holds the same as tenant in common with the said Brunetta, in trust, for the benefit of said estate, and of the devisees of said testator.

I. This land has been in litigation for nearly twenty years, in the course of which time two of the suits have reached this court and are reported, the first in 83 Mo. 651, and the other in 104 Mo. 158, where a full statement and history of the transactions of the parties may be found. This last suit was ejectment by John R. Snell against the Harrisons, in which the defendants set up their title and asked for equitable relief, and in which the respective rights and interests of the parties were finally adjudicated and settled, this court holding that the plaintiff Snell was entitled to recover the undivided seven tenths of the south eighty acres of said tract, and that Brunetta Harrison was entitled to the other undivided three tenths of said south eighty, and that said plaintiff Snell was entitled to the undivided seven thirtieths and the said Brunetta Harrison to the undivided twenty-three thirtieths of the north eighty of said tract, and remanding the cause to the circuit court with directions to enter judgment accordingly, after taking an account of the rents and profits.

Under this mandate, on the eighteenth of September, 1891, final judgment was rendered in the circuit court in favor of the said plaintiff John R. Snell for the recovery of his said interest in said real estate and for $1,650, the rents and profits thereof from June 1,

1880, "and that he have a writ of restitution for said real estate and execution for said sums of money found as rents and profits and for costs." Afterward, to wit, on the sixth day of August, 1892, this suit was instituted in the circuit court of Johnson county in which the court found the respective rights and interests of the parties to be as declared by this court in its decision aforesaid, and further found that the said undivided three tenths of the said Brunetta Harrison in the south eighty was subject to a mortgage in favor of the estate of Harvey Harrison, amounting to the sum of $607.28 and interest; that the said Brunetta has to the exclusion of the plaintiffs received all rents and profits from all of said real estate amounting to the sum of $1,364; that plaintiffs are entitled to partition of the premises, and that the same is not susceptible of division in kind without great prejudice to the interest of the parties, and decreed that said real estate be sold and the proceeds be distributed as follows:

"*First.* To the payment of costs and expenses of this proceeding. *Second.* That seven tenths (7-10) of the proceeds arising from the sale of the southeast quarter of the southwest quarter and the southwest quarter of the southeast quarter and seven thirtieths (7-30) of the proceeds arising from the sale of the northwest quarter of the southwest quarter and the northwest quarter of the southeast quarter, all in said section 13, aforesaid, be paid to plaintiffs to be divided among them according to their interests as set forth in the petition. *Third.* That out of three tenths (3-10) of the proceeds arising from the sale of the said southeast quarter of the southwest quarter of the southeast quarter of said section 13, there be paid to J. W. Harrison, administrator of the estate of Harvey Harrison, said mortgage debt, to wit, the sum of $607.28 with interest thereon at ten per cent from the fifth day of April,

1893, if three tenths (3-10) of the proceeds arising from the sale of the two last described forties be sufficient to pay the same. *Fourth.* That out of the remaining proceeds of the sale of Brunetta Harrison's interest in all said lands be paid the plaintiffs the sum of $1,364, the rents aforesaid, which is hereby declared to be a lien and charge upon the interest of said Brunetta Harrison. That the balance of the proceeds of such sale, after paying and satisfying the disbursements and distributive shares of plaintiffs, hereinbefore set out, be paid to Brunetta Harrison.''

The defendant Brunetta Harrison, in her answer, denied plaintiff's ownership and tenancy in common with her of the premises sought to be divided, and pleaded adverse possession for more than ten years, and now insists that her plea ought to have been sustained, and the refusal of the circuit court to do so presents the controlling question in the case.

The undisputed facts are that the said Brunetta Harrison and her husband have been in the actual and exclusive possession of the premises ever since the plaintiff trustee acquired title in 1878, claiming title thereto under the several fraudulent conveyances described in, and set aside and annulled in, the foregoing suits in pursuance of the judgment of this court, and the plaintiff John R. Snell has been continually striving through the courts to have these conveyances set aside and the true state of the title disclosed, and to obtain for the estate of his father whatever interest therein he might be entitled to. These efforts culminated in the final judgment of September 18, 1891, rendered in pursuance of the mandate of this court, by which for the first time, the respective rights and interests of the parties were finally and definitely ascertained and settled, and the right of the said plain-

tiff to be put in possession of his undivided share in the premises established.

It seems that the writ of restitution awarded in that judgment was not in fact issued or executed, but instead this proceeding in partition was instituted as hereinbefore stated within less than a year from the date of that judgment, to have said plaintiff's share thus ascertained set off to them. The suit in which the judgment in ejectment was rendered was commenced on the twenty-second day of May, 1885, and prosecuted uninterruptedly to judgment, and the only ground upon which it can be held that the defendant's possession was not interrupted thereby, so as to prevent the running of the statute of limitations in their favor is the technical one, that under and by virtue of that judgment the plaintiff was not put in actual possession of the premises before beginning the present action in partition, and counsel insist that we must so hold, on the authority of *Mabary v. Dollarhide,* 98 Mo. 198.

The point ruled in that case was "that the mere fact that the defendants in an ejectment suit dismissed their appeal after judgment against them, does not amount to an abandonment of all adverse claims to the land;" in reaching which conclusion the learned judge who wrote the opinion deemed it necessary to inquire "whether a judgment in ejectment, not followed up by a writ, or by taking possession under it, will break the adverse possession of those against whom it is rendered"—cited two cases from which an affirmative answer might be drawn, viz.: *Brolaskey v. McClain,* 61 Pa. St. 146, and *Gower v. Quinlan,* 40 Mich. 572; and three for a negative answer to the question, viz.: *Smith v. Trabue,* 1 McLean, 87; *Doe v. Reynolds,* 27 Ala. 364, and *Jackson v. Haviland,* 13 Johns. (N. Y.) 229, and said: "We are not aware of any decision of this

court having any direct bearing upon the question. We can not see how the mere recovery of a judgment in an action of ejectment can suspend the running of the statute of limitations. To have that effect there must be possession under it, or something done to make the defendant's possession subordinate to the plaintiff's title." This language must of course be read in connection with the point ruled, and with reference to the facts of that particular case, in respect of which the learned judge further said: "We do not say that it was necessary to sue out a writ and turn the defendants in the ejectment suit out of possession. * * *"

As to the cases cited in that opinion in support of the proposition that a mere recovery of a judgment in an action of ejectment can not suspend the running of the statute of limitation, it is only necessary to say, that in the case in 1 McLean, the court says: "Judgment was obtained in the ejectment at November term, 1818, and the writ of possession under which Evans was turned out of possession did not issue until the seventeenth of November, 1829. Here was a lapse of eleven years, being four years more than the limitation fixed by the statute." And in the other two cases (27 Ala. and 13 Johns.), which were judgments on declarations in ejectment as at common law, the term of the demise had expired, and it was upon that fact the rulings were predicated. In each case the court cited as authority the dicta of Lord MANSFIELD in *Aslin v. Parkin*, 2 Burr. 667, that a judgment in ejectment, "like all others, only concludes the parties as to the subject-matter of it. Therefore, beyond the time laid in the demise, it proves nothing at all." In these cases the judgments had, by the lapse of time after their rendition, lost their force and effect, and the defendant's possession was not subordinate to them.

But such is not the case in hand.  We have here a valid, subsisting judgment in ejectment operating directly upon the right of defendants' possession, and capable of being enforced at the time this suit in partition was begun.  The defendants' peaceable possession of the premises was interrupted, and the running of the statute of limitations in their favor suspended, when the action of ejectment was commenced, in 1885, continued to be suspended up to the date of the judgment, in 1891, and must continue so to be suspended during the life of that judgment.  Of course if the plaintiff had failed in his action of ejectment, or, having succeeded, the judgment had expired or ceased for any reason to have operative force, the possession would remain the same as if the suit had never been commenced.  But it can not cease to be operative upon the possession so long as it lives, simply because it has not yet been executed.

In fact, in cases like the one in hand, in which a tenant in common recovers an undivided share from his cotenant in possession, the only practical way of executing the judgment is by proceeding in partition, as was done in this case, and in order to commence such action it was not necessary to go through the empty form of issuing a writ and putting the plaintiff in possession of the premises, which he could only hold in common with his antagonist either to save his rights as against the defendant's possession, or to authorize him to sue as a tenant in common.

The plaintiff trustee in this litigation has pursued the course marked out for one in his situation by this court in *Lambert v. Blumenthal*, 26 Mo. 471, in which it was said: "Where one is in the adverse possession of land, claiming it exclusively against all others, one claiming title and out of possession can not maintain a suit for partition.  He must first try his right in an

action of ejectment, and after that is established he may institute his proceedings for partition,'' and can not now be deprived of the fruits of his labor for so many years, in pursuit of the just rights of his estate by such barren technicalities as are invoked in this case to defeat his action.

The court committed no error in refusing to sustain the demurrer to the evidence and defendant's plea of the statute of limitations. So far as the case of *Mabary v. Dollarhide*, 98 Mo. 198, may be in conflict with this ruling, the same ought to be, and is, overruled.

II. The legal title to the premises was in John R. Snell and the fact that one or more of his *cestuis que trust* who were made coplaintiffs with him in the proceeding may not have attained the age of twenty-one years at the time the suit was instituted militates nothing against his right to maintain the action. He was the trustee of an express trust, and so far as defendants are concerned could have maintained the action in his own name, representing as he did all his *cestuis que trust*.

III.    The rents and profits were a proper charge against the share of Brunetta Harrison. The amount thereof was adjudicated in the ejectment suit, the judgment in which was given in evidence by the plaintiffs and they might well have insisted that Mrs. Harrison's share should be charged with the amount ascertained by that judgment, plus the value of subsequent rents and profits. This, however, they did not insist upon, and the court took a new account and found several hundred dollars less than was awarded the plaintiff in the ejectment judgment. If this was error it was error in favor of the defendants, of which they can not complain.

On the whole record we find no reversible error.

'The judgment and order of sale are affirmed, and the proceedings, up to the time when this appeal was taken, are approved.   The cause will be remanded to the circuit court for further proceedings to final judgment, which judgment shall be taken to·be in full satisfaction also of the judgment for rents and profits recovered in the ejectment suit.   The costs of this appeal will be taxed against the appellants.   All concur, BARCLAY, J., concurring in the result.