ESTES *et al.* v. NELL *et al., Appellants.*

Division Two, July 6, 1897.

1. **Ejectment Judgments:** RES ADJUDICATA. Whatever may be the defenses in an ejectment suit, and however erroneous or irregular it may be, it is not subject to collateral attack and is *res adjudicata* as to the parties thereto, whether they be minors or adults, and as to the matters embraced in it, until reversed or set aside by a direct proceeding for that purpose, unless its legal effect is destroyed by a subsequent action in ejectment for the same lands by the same parties or their heirs.

2. **Partition:** BY HEIRS OUT OF POSSESSION. Where one is in possession of lands claiming it adversely against all others, a claimant not in possession can not maintain a suit in partition against him until he has first established his right to possession by a suit against him in ejectment.

3. **Ejectment:** STATUTE OF LIMITATIONS SUSPENDED BY JUDGMENT ALONE. Where plaintiffs recover judgment in an ejectment suit it is not necessary that a writ of restitution issue or that they should take possession under the judgment, in order to suspend the running of the statute of limitations against them. The running of the statute is interrupted by the commencement of the ejectment suit, and is not suspended during the life of the judgment.

4. **Practice:** FINDING OF TRIAL COURT. Where the evidence in a partition suit is conflicting, this court will not interfere with the finding of facts made by the trial court.

5. ———: DEFECTIVE BILL OF EXCEPTIONS. Where a tax deed relied upon by appellant is not copied into the record, this court will presume that the ruling of the trial court, holding that it was insufficient to pass title, was correct.

6. **Partition:** MARRIAGE OF DEFENDANT AFTER SUIT BROUGHT. If a female heir marries after suit in partition is brought, her husband need not be made a party. He can become a party if he desires under section 7137, Revised Statutes 1889, but if he fails to do so no other party can complain

7. ———: PARTIES: HUSBANDS OF MARRIED HEIRS. The husbands of married women need not be made parties in suits for partition of lands.

8. ———: FORMER JUDGMENT IN EJECTMENT: DECEASED HEIRS: PROPER DEFENDANTS. An ejectment suit was begun in 1882 by plaintiffs against Henry Nell, who died, and in 1883 the suit was revived against his widow and nine children, and in 1884 judgment was rendered against her and four children, and it was admitted in the trial of this suit in 1894 that "Edna Nell is long since dead and died without issue," and that judgment was not rendered against her in the ejectment suit of 1884. *Held*, that in the absence of evidence as to when Edna died, the presumption is that she died prior to the judgment in the ejectment suit. *Held*, also, that when Henry Nell died, leaving a will with the simple power of selling the lands for the benefit of the estate, his lands descended to his heirs and not to the administrator with the will annexed, and as they were in possession the suit was properly revived against them, and it was not necessary to make the administrator a party. *Held*, also, that a sale by such administrator of all the lands could not override the judgment of the court afterward that the lands did not belong to Nell or his heirs but to plaintiffs in this suit.

9. ———: JUDGMENT AS TO PART OF LAND. Where a judgment in partition finds that defendants have no interest in the land sought to be partitioned, they can not complain because the judgment does not cover all the lands.

*Appeal from Laclede Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*Mead & Loy* and *Thomas H. Musick* for appellants.

(1) The petition can not be sustained because of multifariousness. *Robinson v. Rice*, 20 Mo. 229; *Bank v. Bayless*, 41 Mo. 274; *Mead v. Brown*, 65 Mo. 552; *Peyton v. Rose*, 41 Mo. 257. (2) The decree of the circuit court in this cause erroneously fails to consider or dispose of the interest of Cu. Edna Nell. (3) This whole matter is *res judicata* by reason of the judgment of the circuit court of Greene county and the mandate of this court in the case of *Estes et al. v. Nell et al.*, 108 Mo. 172; *Keith v. Keith*, 109 Mo. 130; *Boogher v.*

*Frazier*, 99 Mo. 325; *Pitkin v. Shacklett*, 117 Mo. 548; *Stump v. Hornback*, 109 Mo. 277; *Treadway v. Johnson*, 39 Mo. App. 176; *Chouteau v. Allen*, 74 Mo. 58; *Lackland v. Smith*, 5 Mo. App. 579; *Lackland v. Smith*, 75 Mo. 307. (4) As the court made no order for continuance nor for summons to the infant defendants, there was no authority in the clerk to issue summons to them, the service of such summons was void, they were never properly in court, the court had no jurisdiction over them, had no authority to appoint guardian *ad litem* for them and such guardian *ad litem* had no authority to enter appearance or answer for them or enter any consent or make any admissions for them. *Shaw v. Gregoire*, 41 Mo. 407; *Revely v. Skinner*, 33 Mo. 98; *McClure v. Farthing*, 51 Mo. 109; *Ins. Co. v. Bangs*, 103 U. S. 435. Every allegation must be proven against infants. *Revely v. Skinner*, 33 Mo. 98; *Hendricks v. McLean*, 18 Mo. 32. (5) The infant defendants living on the premises with their mother had no such character of possession as made them proper parties to an ejectment suit. (6) The wife is not a proper defendant in ejectment even for her own lands, and even when she is widowed, in possession, after suit brought, by death or divorce of the husband, the suit must be dismissed. *Bledsoe v. Simms*, 53 Mo. 305; *Meegan v. Gunsollis*, 19 Mo. 417; *Hunt v. Thompson*, 61 Mo. 154; *Evans v. Kunze*, 128 Mo. 671; *Spitts v. Wells*, 18 Mo. 468. (7) The original answer in the ejectment suit was a general denial and did not and could not state an equitable defense. *Hickerson v. City of Mexico*, 58 Mo. 61; *Sutton v. Dameron*, 100 Mo. 141; *Packet Co. v. Sickles*, 5 Wall. 550. (8) There is no evidence submitted even tending to show that the amended answer in which it is claimed that an equitable defense was made, was put in for the minor

defendants or that it was filed by the guardian *ad litem* at all. *Revely v. Skinner*, 33 Mo. 98; *Sutton v. Dameron*, 100 Mo. 141; *Wood v. Jackson*, 8 Wend. 10; *Lawrence v. Hunt*, 10 Wend. 80; *Hart v. Steedman*, 98 Mo. 452; *Kimmel v. Benna*, 70 Mo. 62; *Avery v. Fitzgerald*, 94 Mo. 207; *Ekey v. Inge*, 87 Mo. 493; *Foster v. Evans*, 51 Mo. 39; *Towns v. Nims*, 20 Am. Dec. 378; *Russell v. Place*, 94 U. S. 606. (9) If both an equitable and a legal defense were raised and passed upon in the ejectment, while the equitable issue would be *res judicata* the legal defense would not be so; the equitable defense could not be retried but the legal defense might be. *Rogers v. Brown*, 61 Mo. 187; *Pim v. City of St. Louis*, 122 Mo. 654; *Cunningham v. Snow*, 82 Mo. 587. (10) Judgment in ejectment on a legal title is not *res judicata*. In this action legal issues may always be resubmitted and retried. *Kimmel v. Benna*, 70 Mo. 52; *Swope v. Weller*, 119 Mo. 556; *Sampson v. Mitchell*, 125 Mo. 217; *Callahan v. Davis*, 125 Mo. 27. (11) The purchasers under the power conferred by the will hold in privity with Henry Nell, and not in privity with his heirs. *Osgood v. Manhattan*, 3 Cow. 612; *Alsop v. Mathis*, 21 Am. Dec. 703; *McLean v. Meek*, 18 How. 16; *Valsain v. Clotier*, 22 Am. Dec. 179; *Hill v. Tucker*, 3 How. 466; *Stacy v. Thrasher*, 6 How. 44. (12) The requirements of the will wrought an equitable conversion of the four forties into money which was not and could not be represented by Henry Nell's heirs. They were foreign to it, and held no privity toward it. *Craig v. Leslie*, 3 Wheaton, 563; *Roland v. Miller*, 100 Pa. St. 47; *Brolasky v. Gally*, 51 Pa. St. 509; *Ray v. Monroe*, 47 N. J. Eq. 352; *Underwood v. Curtis*, 127 N. Y. 523; *Collins v. Camp*, 61 Am. Dec. 179. (13) When the sale was made by Henry Nell's administrator with will annexed, it related back to Nell's death and the proceeds were personalty from that event. *Loftis v. Glass*,

15 Ark. 680; *Pratt v. Taliaferro*, 3 Leigh (Va.), 419; *Brolasky v. Gally*, 61 Pa. St. 509; *Roland v. Miller*, 100 Pa. St. 47. (14) Neither these purchasers nor anyone under or through whom they claim or with whom they are in privity ever had a day in court in the ejectment and therefore the judgment in that action can be no estoppel upon them. *Crane v. Bolles*, 24 Atl. Rep. 391; *Collins v. Camp*, 61 Am. Dec. 179.

*F. M. Mansfield* and *Goode & Cravens* for respondents.

(1) The question of title between the plaintiffs and Catherine Ruckle, Della, William, Elmer and Samuel Nell is *res adjudicata*. It was determined in the ejectment suit and the judgment therein is binding and conclusive against those parties and everyone claiming under them. *Foote v. Clark*, 102 Mo. 394; *Nave v. Adams*, 107 Mo. 414; *Bank v. Bartle*, 114 Mo. 276. (2) In such case the finding of the court as to the facts pleaded in such defense becomes binding and conclusive and may be set up against a subsequent attempt to raise the same issue. *Preston v. Ricketts*, 91 Mo. 320. (3) Ejectment suits should and must be brought against the party actually in possession. The statute is express to that effect. R. S. 1889, sec. 4629; *Ins. Co. v. Cummings*, 90 Mo. 267; *Shaw v. Tracy*, 83 Mo. 224. (4) An equitable conversion of the land into money by the executor occurs where there is a positive direction to sell, and the time by which the executors are to comply is made certain and fixed by the will without any discretion being left with them. *Compton v. McMahan*, 19 Mo. App. 494; *Throckmorton v. Pence*, 121 Mo. 50; *Bouton v. Thomas*, 46 Hun. (N. Y.) 249; *Snowhill v. Snowhill*, 3 Zab. (N. J.) 447; *Jackson v. Barr*, 9 Johns. 104; *Jackson v. Schamber*, 7 Cowen, 187.

(5) Musick as administrator of Henry Nell could only sell such land as his testator owned when he died. *Throckmorton v. Pence*, 121 Mo. 57. (6) It was not necessary to make the husband of Della Faulkner a party to this suit. *Cochran v. Thomas*, 131 Mo. 258. (7) There is not a word of evidence in the record tending to show Cu. Edna was living when the judgment in ejectment was rendered. That being true the presumption will be indulged in favor of the decree that the interest had been inherited by her brothers and sisters prior to the judgment. *Brand v. Cannon*, 118 Mo. 595; *Smith v. Johnson*, 107 Mo. 494; *Miller v. Leeper*, 120 Mo. 466; *State ex rel. v. Maloney*, 113 Mo. 367; *Flynn v. Neosho*, 114 Mo. 567; *Halsey v. Meinrath*, 54 Mo. App. 335. . (8) As to the contention that the bill is multifarious it would be sufficient to say that no such point was raised in the lower court so far as the record shows, and therefore can not be raised here. *Hall v. Johnson*, 57 Mo. 521; *Bank v. Gallaher*, 43 Mo. App. 482; *Mellor v. Railroad*, 105 Mo. 455. (9) Actual possession is not necessary to enable a tenant to maintain partition against a cotenant. To defeat such action there must have been an ouster by such cotenant. *Rozier v. Griffiths*, 31 Mo. 171; *Wommack v. Whitmore*, 58 Mo. 448. (10) The record does not affirmatively show that the heirs of Manning Harris, that is, the plaintiffs, were parties to the tax suit which led up to the tax deed. . This must appear for their interests to pass by it. *Gitchell v. Messmer*, 87 Mo. 131; *Boatmen's Bank v. Grewe*, 84 Mo. 377. (11) It is elementary law that a judgment of nonsuit or dismissal, while a final judgment, is never a bar. Freeman on Judgments [3 Ed.], secs. 264–562; *National Water Works Co. v. School District*, 23 Mo. App. 227; *Lee v. Kaiser*, 80 Mo. 431.

BURGESS, J.—This is an action for the partition of the following described land in Wright county, Missouri, to wit, the southeast quarter of the northeast quarter and the east half of the southeast quarter of section 8, and the west half of the southwest quarter of section 9, in township 29, of range 12, containing in all two hundred acres. The suit was begun in the circuit court of said county, but the venue was subsequently changed to the circuit court of Laclede county, where a trial was had resulting in a judgment in favor of plaintiffs, from which defendants Thomas H. Musick, Della Nell, now Faulkner, Catharine Ruckle, John Ruckle and Lewis E. Musick appeal.

The parties all claim title under Manning Harris, deceased. The plaintiffs claim the undivided two thirds of said land as the children and heirs of said Harris. The defendants Elmer Nell, Samuel Nell, Shelly Musick and D. L. Benson answered, disclaiming any interest. The defendants Della Faulkner, formerly Nell, Catharine Ruckle, formerly Nell, Thomas H. Musick and Lewis E. Musick answered separately, each claiming to be the legal and equitable owner of certain portions of the land described in their respective answers and disclaiming all interest in the balance of the land.

Manning Harris was the owner of all the land involved in this litigation. Some time in the year 1860 he traded it to one D. B. Lawrence for a part of a stock of goods, who in pursuance of the trade took possession of the land, but never received any deed or other evidence of title from Harris for it. Said Harris died in March, 1862, leaving as his only heirs the plaintiffs Agnes and Mary, and one Thomas H. Harris. In 1868, one Henry Nell by *mesne* conveyance acquired the title of said Lawrence to all the land. In 1882, the said Thomas Harris and plaintiffs Agnes and Mary as

the heirs of said Manning Harris, brought suit in ejectment in the circuit court of Wright county against said Henry Nell for the recovery of the possession. of said land, and pending said suit the defendant therein Henry Nell died, and the suit was in 1883 revived against the following named persons as his heirs, viz.: Catharine Nell (now Ruckle) his widow; William Nell, Elmer Nell, Della Nell, and Samuel Nell his children, they being in possession and living upon the land. The defendants in that suit interposed as a defense thereto a general denial, and pleaded the statute of limitations, and according to the finding of the trial court set up an equitable title to all of said lands, growing out of the sale by said Manning Harris to said D. B. Lawrence. The suit was tried at the March term, 1884, of the circuit court of said Wright county, and judgment was rendered in favor of these plaintiffs for the recovery of an undivided two thirds of said lands, and soon thereafter a writ of restitution was issued in their favor on said judgment, which the court found was executed by the sheriff of said county and the possession of said undivided two thirds duly restored to plaintiffs. The issuance of the writ and its execution are, however, denied by defendants.

Of the children and heirs of said Henry Nell, Franklin, Joseph, Albert, Annie and Cu. Edna Nell were not made parties to said ejectment suit in the revival thereof. Cu. Edna Nell died in infancy without issue; Henry Nell died testate and by his will devised to his daughter Della Nell the southeast quarter of the northeast quarter of section 8, township 28, range 12, of said lands. By his will he gave full power and authority to his executors to sell the residue of said lands, and the defendant Thomas H. Musick as his administrator with the will annexed, has long since sold in pursuance of said power all of the remaining of said

lands, to wit, the east half of the southeast quarter of section 8, and the west half of the southwest quarter of section 9. Said administrator acting under the power given in said will divided the said west half of the southwest quarter of section 9 into twenty blocks known as Nell's addition to the town of Mountain Grove.

Upon these facts the court rendered the following judgment:

"Wherefore, all and singular, the premises being seen and understood the court doth order, adjudge, and decree, that the several rights and interests of the parties hereto in and to said lands are as follows, to wit:

"*First.* That the plaintiffs Agnes and Mary C. Estes and the defendant Thomas H. Musick, are seized and possessed as tenants in common of the following parts of said land, to wit, that is to say, the north half of southeast quarter of northeast quarter of said section 8 containing twenty acres; and all of block 1 in said Nell's addition. That the interests therein of said parties are as follows: The said plaintiffs are entitled to have set off to them the undivided two thirds of said above described twenty acres, and one third of said block 1, and the said Thomas H. Musick is entitled to have set off to him one third of said twenty acre tract and two thirds of said block 1, and none of the other defendants herein have any interest in said two tracts.

"*Second.* That plaintiffs and defendant Della Faulkner and her husband Charles Faulkner, are the owners in common of the south half of southeast quarter of northeast quarter of said section 8 containing 22 acres more or less; and that their interests are as follows, viz., the said plaintiffs are jointly entitled to have two thirds of said tracts and the said Della and Charles Faulkner in right of the said Della one third

thereof, and that none of the other defendants· have any interest in the same.

"*Third.* That plaintiffs and defendant Catharine Ruckle own in common the following portions of said lands, to wit: The northeast quarter of southeast quarter of said section .eight and blocks four, five, twelve, thirteen, and twenty in said Nell's addition. The plaintiffs jointly own one third of said several tracts last described, and the defendant Catharine Ruckle owns the undivided two thirds thereof, and none of the other defendants have any interests therein.

"*Fourth.* That plaintiffs and the defendant Lewis E. Musick own in common the following parts of said lands, to wit: The southwest quarter of the southwest quarter of said section nine and blocks eight, ten, eleven, fourteen, fifteen, sixteen, seventeen, nineteen, and south half of block six, and all of block nine except a lot in northeast corner of said block 100 feet east and west by 150 feet north and south. That plaintiffs jointly own one third of said last described tracts and said Lewis E. Musick the undivided two thirds thereof, and that none of the other defendants have any interest in said described premises.

"*Fifth.* That the plaintiffs and the defendant Lewis E. Musick own in common the following, to wit: The southeast quarter of the southeast quarter of said section eight, 40 acres; that the plaintiffs are jointly entitled to one third thereof and the defendant Lewis E. Musick to two thirds thereof, and that none of the other defendants have any interest in said last described lands.

"It not appearing to the court that defendant M. V. McQuigg has been served with process or that he has entered any appearance herein, or that he has any interest in any of the lands in controversy, his name is hereby ordered stricken from the petition. It is fur-

ther ordered that the interests of the plaintiffs in the several tracts and parcels hereinbefore described be set off to them jointly. It is further ordered, adjudged and decreed that partition of said lands be made accordingly as their several interests have hereinbefore been found and determined, and that the following persons be and are hereby appointed commissioners to make partition of said lands between and among said defendants, as their several interests have herein been determined, to wit, Frank Neukirk, Joseph H. Broyles, and Paul Ellis, and that the commissioners set off to the plaintiffs jointly their interests in said lands by their election and request made in open court, and that said commissioners make full reports of their acts and doings herein to this court at its next regular August term, 1895."

To which finding and judgment defendants then and there at the time excepted.

Defendants' first contention is that, as the testimony showed and as the court found that the land was sold in 1860 by Manning Harris to D. B. Lawrence, and as the payment of the purchase price by Lawrence and possession by him of the land under his contract of purchase were also shown by the evidence, and as the defendants hold under him, they were entitled to a decree for specific performance of the contract, vesting the title to the land in them. The logical effect of this position is to ignore and treat the judgment in the ejectment suit in favor of plaintiffs and against the defendants therein named for the possession of two thirds of the land as if it never had been rendered. Whatever the defenses may have been in that case, whether legal or equitable, and whether or not the judgment was irregular or erroneous, it was not subject to collateral attack, and is *res adjudicata* as to the parties thereto and the matters adjudicated upon until

set aside or reversed or its legal effect destroyed by the result of another action of ejectment for the same lands by the parties or their heirs or some of them who were defendants in that suit. It is well established in this State that where one is in the possession of land claiming it adversely against all others, one out of possession can not maintain a suit against him for partition without first establishing his right in an action of ejectment, but after having done so he may maintain his action for partition against the person or persons in possession. *Lambert v. Blumenthal*, 26 Mo. 471; *Snell v. Harrison*, 131 Mo. 495; *Rozier v. Griffith*, 31 Mo. 171; *Shaw v. Gregoire*, 41 Mo. 407; *Wommack v. Whitmore*, 58 Mo. 448; *Hutson v. Hutson*, 139 Mo. 229. When the rights of the parties suing in partition have thus been established by judgment in ejectment, such judgment is conclusive as long as it remains in force and effect, between the parties thereto, and their privies; otherwise, resort to ejectment by the party claiming an interest in the land before bringing suit in partition would be of no avail. Therefore, the parties to that judgment nor their privies could go back of it, for the purpose of showing that they hold the title legal or equitable to the lands. Only those, however, who were parties to the ejectment suit and their privies are bound by it.

It is again claimed that the judgment in ejectment against the infants, William, Samuel, Elmer and Della Nell, was irregular in various ways, and that although they were living upon the land at the time the ejectment suit was pending, they were not exercising acts of possession over the land and that the judgment was not *res adjudicata* as to them. These matters were adjudicated upon in that suit, and even though the proceedings may have been irregular, the judgment is not void and is binding on all parties thereto whether minors or adults.

It would therefore seem that the will of Henry Nell is of no consequence in this case, in so far as the rights of the plaintiffs are concerned. The suit in ejectment was begun against him in his lifetime, and if the lands or any part thereof belonged to plaintiffs he could not by will devise such right, and thereby divest them of their title or right to its possession. But it is said that the possession of Lawrence was adverse to Harris, and put the statute of limitations in motion against him, which continued to run against him and those claiming under him, notwithstanding the judgment in favor of plaintiffs in the ejectment suit, and that plaintiffs' cause of action was at the time of the commencement of this suit barred by that statute; that there was no possession taken by plaintiffs under the ejectment suit, and that the judgment without more did not stop the running of the statute. It would perhaps be a sufficient answer to this contention to say that the evidence was conflicting as to whether or not plaintiffs were put in possession of the interest in the lands adjudged to them in the ejectment suit under a writ issued for that purpose, and that as the court found that they were put in possession we will defer to that finding. It was not necessary, however, in order to suspend the operation of the statute of limitations as against plaintiffs that a writ of restitution should have issued, or that they should have taken possession of the land under that judgment. The running of the statute was interrupted by the commencement of the ejectment suit, and did not run against plaintiffs during the life of the judgment rendered in that case, although no writ of restitution was issued upon the judgment, and no possession was taken thereunder. *Snell et al. v. Harrison et al.*, 131 Mo. 495, and authorities cited. The plaintiffs and the children of Henry Nell were tenants

in common in the land at the time of the termination of the ejectment suit, and by the judgment in that case their rights to an undivided two thirds of the land was established, so that the statute of limitations did not begin to run against the plaintiffs until after the lifetime of the judgment and there was an ouster of them by their cotenants, as to which the evidence is very unsatisfactory. In any event there was no such ouster as to bar this action. The judgment in ejectment was rendered in March, 1884, and while the record in this case does not show when this action was brought, it does show that an amended petition was filed on the seventh day of August, 1894. The burden was upon defendants to show that plaintiffs' action was barred by either the ten or thirty year statute of limitations at the time of the commencement of this suit, which they failed to do.

Defendants' abstract of the record shows that they offered in evidence a "tax deed from J. W. Whitaker, collector, to Henry Nell, dated October 4, 1869, recorded August 16, 1870," for the lands in question which they insist puts the title in Nell, and that the title passed by regular chain of title down to defendants. This deed is not copied into the record, and as it is not before us we will not undertake to pass upon its effect, and must indulge the presumption that the court's ruling upon its sufficiency to pass title was correct. The abstract does not show to whom the property was assessed, when assessed, nor when sold, without which it was not sufficient to pass title.

The question as to the misjoinder of causes of action was not properly raised in the court below, and can not be considered on this appeal. Nor is it fatal to the judgment that no one of the defendants is interested in all of the lands so that the rights of the

respective parties are properly adjusted by the order and judgment of partition.

It was agreed between the parties that Charles Faulkner was intermarried with the defendant Della Nell, after the commencement of this suit, and it is claimed by appellants that he should have been made a party defendant, and as that was not done the judgment is erroneous and must be reversed. This identical question was ruled upon by this court in *Cochran v. Thomas*, 131 Mo. 258, and it was held that the husbands of married women need not be made parties in suits for partition of land. *Koehler v. Bernicker*, 63 Mo. *loc. cit.* 370. Moreover, had Charles Faulkner, the husband, desired to have become a party, he might have done so by complying with the provisions of section 7137, Revised Statutes 1889, and having failed to do so, no other party is in position to complain.

It may be conceded that as Cu. Edna Nell was not made a party to the ejectment suit that she was not bound by the judgment in that case, and that when she died whatever interest she had in the land passed to her mother, brothers and sisters. It was agreed between the parties to this suit that the ejectment suit was commenced against Henry Nell, Cu. Edna's father, on the fifteenth day of June 1882; that he died in August, 1882, leaving a widow, Catharine, and children and heirs, Franklin, William, Joseph, Samuel, Albert, Elmer, Cu. Edna, Della and Annie Glass; that in the fall of 1883 the suit was revived against Catharine Ruckle, formerly Nell, John Ruckle, William Nell, Della Nell and Samuel Nell, and "that Edna Nell is long since dead and died without issue." In March, 1884, final judgment was rendered in the ejectment suit and as there was no evidence as to the time when Cu. Edna died or that she was living at the time of the rendition of that judgment, the presump-

tion must be indulged in favor of the correctness of the decree, and that her interest in the lands had descended to her mother, brothers and sisters before the judgment was rendered. *State ex rel. Stuart v. Maloney et al.*, 113 Mo. 367; *Flynn v. Neosho*, 114 Mo. 567.

When Henry Nell died his interest in the land not devised to his daughter Della, descended to his heirs, and not to his administrator with the will annexed (*Aubuchon v. Lory*, 23 Mo. 99; *Chambers' Adm'r v. Wright's Heirs*, 40 Mo. 482), so that his widow and children were proper parties to the ejectment suit, which the law requires to be brought against the party in possession, and as the administrator, even if he had qualified as such at that time, which the evidence does not show, was not in possession of the land, it was not necessary that he should have been made a party to that suit. No person was named in the will of Nell as executor, and no power was conferred by its provisions upon his administrator with the will annexed to sell his interest in the lands for any specific purpose, but the power to sell was general, and just the same in principle as if there had been no power of sale, and the administrator had sold the land in pursuance of an order of a court having probate jurisdiction for the payment of debts against the estate. The administrator did not acquire title to the land by the will, but only the power of disposition for the benefit of the estate. *Aubuchon v. Lory* and *Chambers' Adm'r v. Wright's Heirs, supra.* Under such circumstances it can not be seriously contended that any sale of the lands by Musick as administrator of Nell for the payment of debts against Nell's estate in any way affected plaintiffs' rights in the two thirds interests which they recovered in the action of ejectment.

Another contention is that the judgment does not cover the whole of the land; that there is no adjudica-

tion of the rights of plaintiffs or defendants in blocks 2, 3, 7 and 18 in Nell's addition to Mountain Grove nor are the rights or the interests of the defendants Elmer Nell, Samuel Nell, D. L. Benson and Shelly Musick determined. But how can appellants complain that the judgment does not cover the whole land? If it be true that the judgment does not cover all the land, only plaintiffs are aggrieved by the judgment and not the appellants. And as for the defendants Elmer Nell, Samuel Nell, D. L. Benson and Shelly Musick, they did not appeal from the judgment, are not complaining, and no one else has the right to so do for them.

A still further contention is that as to the one hundred and sixty acres of the land directed to be sold by the will of Henry Nell, the defendants who purchased from the administrator held in privity with the testator, and not in privity with his heirs, and as the administrator was not made a party to the ejectment suit the result did not affect him nor the heirs of Nell who were not made parties to that suit and the judgment can not be *res adjudicata* as to them. As the administrator was not in the possession of the land he was not a necessary party to that suit, and the exercise of the power of disposal conferred upon him by the will, and the sale of the lands by him under such power passed all the interest of Henry Nell and his heirs in said land to the respective purchasers.

Finding no reversible error in the record the judgment is affirmed. GANTT, P. J., and SHERWOOD, J. concur.