## CAWSEY v. DRIVER.

1. S & M, holding the patent of the government, sold the land to W C, taking his notes for the purchase money, executing to him a bond for title, when the purchase money was paid.   W C put his brother, William C, in possession, who paid the first note, and judgment being obtained on the second, by an arrangement between the parties, the judgment was discharged by D, who, by the consent of William C, received an assignment of the bond from Wright C.   Subsequent to this, William C filed a bill in chancery against D, to obtain title to the land, after which D surrendered the title bond to S & M, and took from them a conveyance of the land.   Held, that the possession of William C, he having produced no written evidence of title, was not such an adverse possession as would invalidate the conveyance to D.   That the pendency of the suit in chancery interposed no obstacle, and that the title of the defendant being purely equitable, could not be set up in a court of law, against the legal title.
2. A bill in chancery is not evidence for the party filing it.

Error to the Circuit Court of Chambers.    Before the Hon. George W. Goldthwaite.

Trespass to try title, by the defendant, against the plaintiff in error.

From a bill of exceptions it appears, that the title of the plaintiff consisted of a conveyance by deed, from Stroud & McLemore, the patentees of the land, which was executed in the fall of 1844.

Cawsey v. Driver.

The defence was, that in 1838, one Wright Cawsey, the brother of the defendant, purchased the land from Stroud & McLemore, executed his notes for the payment of the purchase money, and received from S & McL a bond for title when the purchase money was paid. That Shortly after, the defendant went into possession, paid the note first falling due for the land, and judgment being obtained on the remaining note, by an arrangement entered into between the parties, the judgment was paid by the plaintiff, and by the consent of the defendant, the bond for title was transferred to him. It also appeared that previous to the conveyance of the land to the plaintiff, the defendant had filed a bill in chancery against him, to obtain a conveyance of the land. The defendant read the answer of the plaintiff to this bill, as evidence, and proposed to read the bill, but being called on to state what portion of the answer he wished to explain, and failing to do so, the court excluded the bill from the jury.

The court instructed the jury, that if all the facts in testimony were true, they constituted no defence to the action, which was excepted to, and is now assigned for error.

S. F. RICE, for the plaintiff in error, insisted, that the action was well brought. He cited Briggs v. Prosser, 14 Wend. 227; Gordon v. Kerr, 1 Wash. C. C. R. 322; Smede's Dig. 226, § 60; Paxton v. Paul, 3 Har. & McH. 339; Baldwin v. Leftwick, 12 Ala. Rep. 838; Barton v. Morris's Heirs, 15 Ohio, 429.

That the bill in chancery was competent to prove adverse possession *lis pendens*, &c. &c. Dexter & Allen v. Nelson, 6 Ala. 68; Pryor v. Butler. 9 Id. 418; Scroggins v. McDougald, 8 Id. 382.

GUNN, contra, cited 2 Sugden on Vendors, 162; 2 Story's Eq. 445; Bottsford v. Burr, 2 Johns. Ch. 404; Steene v. Steene, 5 Id. 1; Goodwin v. Hubbard, 15 Mass. 218; Stackpole v. Arnold, 11 Id. 27; 12 Mass. 109; 3 Pick. 205; 9 Johns. 166; 12 Id. 367; 7 Hill, 489; 3 Caine's Cases, 183; 4 Wheaton, 222; 4 Howard 25; 11 Peters 41; Foster v.

Goree, 5 Ala. 421; Scott v. Hancock, 3 S. & P. 44; Yarborough v. Moss, 11 Ala. 382.

CHILTON, J.—The main question presented upon the record is, whether the evidence of title as shown by the record, is sufficient to warrant and sustain the defence set up by the defendant below. The plaintiff produced a deed to himself from Stroud & McLemore, who held a patent from the government of the United States. He has the legal title to the premises, unless there is something shown in the record which would avoid his conveyance. It is insisted by the counsel for the plaintiff in error, that the deed from the patentees to Driver was void—1. Because Cawsey, at the time of the execution of this conveyance, was in adverse possession of the land. 2. Because, at the time of the execution of the said deed by Stroud & McLemore, a bill in equity was pending, and had been served upon them, at the suit of Cawsey, to obtain title, and that the deed was received by Driver, pending this suit in chancery, which defendant below insisted should avoid it.

The defendant below has not, nor is it pretended he ever had, any writing, showing he had an interest in the premises sued for. The bond under which he claimed, was executed by Stroud & McLemore to his brother, not to him, and this bond was transferred to Driver, who surrendered it to the obligors therein named, upon obtaining the deed. The defendant below, then, having no claim or color of title, did not hold adverse to to the title of the plaintiff below. Indeed the proof clearly shows, the bond under which he claimed an equity was transferred to Driver by his consent. He cannot therefore insist, that his possession shall avoid the deed of Driver. See the case of Hinton v. Nelms, decided at this term; also, Wright v. Swan, 6 Porter's R. 84, and cases cited.

The conveyance to Driver, not being void by reason of the possesion of Cawsey, a court of law cannot avoid it by reason of its execution pending the chancery suit. That court looks alone to the legal title, leaving the parties to settle their respective equities, and if Cawsey desired to prevent

the defendant in error from obtaining an undue legal advantage over him, he should have applied for an injunction.

In any aspect in which we can view this case, we cannot regard it otherwise than an effort in a court of law, to set up a mere equity to defeat a recovery upon the legal title, and to allow the defence, would be to break down the well established distinction between the jurisdiction of courts of law and equity, and would introduce a scene of confusion in the administration of justice most disastrous in its consequences.

The circuit court did not err therefore, in charging the jury, that if they believed the proof, the plaintiff was entitled to recover, for this would have been the proper judgment upon a demurrer to the testimony.

There was no error in refusing to allow the defendant to read the bill which he had filed, in evidence to the jury. The evidence was of his own creation, and for aught the court may know, fitted up for the occasion. We know of no rule which would justify it.

We are not able to see any error in the record, and the judgment of the circuit court is consequently affirmed,