# Dothard *v.* Denson.

*Statutory Real Action in the Nature of Ejectment.*

1.  *Adverse possession of land; when not extended by constructive possession.*—Adverse possession of land, without color of title, is limited to actual occupancy; the rule, that the possession of a part of a tract will be regarded as constructive possession of the whole, not applying to such a case.

2.  *Same; claim of easement confers no right to fee.*—The claim of a mere easement, or other right in land less than the entire fee, does not confer any adverse right to the fee; but, to have that effect, under the statute of limitations, "the claim must be of the entire title, exclusive of the title of any other person."

APPEAL from Cleburne Circuit Court.

Tried before Hon. LeRoy F. Box.

This was a statutory real action in the nature of ejectment, brought by William Dothard against L. P. Denson and others, to recover designated portions of the west half of section six, township seventeen, range eleven, east; and was commenced on 17th July, 1877. The defendants jointly pleaded "not guilty, and the statutes of limitations of ten and twenty years;" and on issue joined on these pleas the cause was tried, the trial resulting in a verdict and judgment for the defendants.

The opinion sufficiently indicates the facts disclosed by the record necessary to an understanding of the points decided.

[McLeod v. McLeod.]

Jno. T. Heflin and Aiken & Martin, for appellant.

Smith & Smith, contra.

SOMERVILLE, J.—Adverse possession of land, without color of title, is limited to actual occupancy, and hence, the rule does not apply, in such cases, that the possession of part of a tract will be regarded as constructive possession of the whole. *Farley v. Smith*, 39 Ala. 38; *Bell v. Denson*, 56 Ala. 444. The latter principle applies only where the party in possession holds under some written instrument, or color of title, describing the boundaries of the land claimed.—*Gordon, Rankin & Co. v. Tweedy*, 74 Ala. 232; 2 Smith's Lead. Cases, 565.

The court properly excluded evidence of plaintiff's possession of parts of the tract sued for, other than of those parts claimed by the defendants, prior to the time when the plaintiff held under color of title.

It is true that the claim of a mere easement, or other right in land less than the entire fee, does not confer any adverse right to the fee simple, and that to have this effect, under the statute of limitations, " the claim must be of the entire title, exclusive of the title of any other person."—*N. O. & S. R. R. Co. v. Jones*, 68 Ala. 48, 55. If the defendant, Denson, had purchased a mere miner's right to dig gold, and had confined his claim of title only to this right, the foregoing principle would find application to the present case. The second charge requested by the plaintiff was properly refused, however, because it excluded from the consideration of the jury the fact that the claim of the defendant, Denson, was to the entire title, and was not confined to the mere right of mining on the land in controversy.

The other rulings of the court we need not discuss. They are settled to be correct in the opinions heretofore rendered in this cause on former appeals.—*Dothard v. Denson*, 72 Ala. 541; *Bell v. Denson*, 56 Ala. 444.

Judgment affirmed.