STEWART, Appellant, vs. STEWART, Respondent.

*October 25 — November 15, 1892.*

*Adverse possession: Tenants in common: Void deed: Judgment.*

A judgment declared that a deed under which A. S. claimed title to land of which he was in possession was void, and adjudged that he was a tenant in common of the land with others. He continued in possession of the land and made valuable improvements, but did not notify his cotenants that he claimed to hold adversely to them. In an action of ejectment brought by one of his cotenants more than ten years after said judgment, it is *held:*

(1) If the possession of A. S. prior to the judgment was adverse to his cotenants, the judgment put an end to its adverse character and restored the seisin of all the tenants in common.

(2) The possession of A. S. after the judgment would become adverse to his cotenants only after knowledge that he claimed or intended so to hold was brought home to them.

(3) After the deed had been adjudged void, it was not such a written instrument as could be the foundation of a claim of title under the ten years statute of limitations (sec. 4211, R. S.).

(4) Plaintiff's delay of more than ten years was not, under the circumstances, such laches as would defeat the action.

APPEAL from the Circuit Court for *Waukesha* County. The plaintiff brought ejectment for the undivided half of forty acres of land in the town of Vernon, Waukesha county, and both parties claim title under and through their deceased uncle, Alexander Stewart; and they, with others,— his nephews and the son of a deceased niece,— are his heirs at law, and as such inherited the entirety of the tract in question, unless the title thereto passed by a certain deed thereof from the said Alexander Stewart to the defendant, *Archibald A. Stewart,* and one James A. Stewart, dated February 3, 1860, under which the defendant claims that he and the said James A. Stewart went into possession and so remained, claiming title to the said premises, adversely to all others, until April 24, 1878, when the said James A. Stewart conveyed his right and title in the premises to the defendant, and that from thenceforth he claimed title to said premises and held possession of the same under said deed to the time this action was commenced to oust him; and that he had made valuable and permanent improvements, and built a new house and new fences on the premises, and paid the taxes thereon. And he claimed in defense the benefit of both the ten years and twenty years statute of limitations.

Before the said James A. Stewart so conveyed his interest in said premises, an action was commenced against the de-

fendant in this action and said James A. Stewart by the eight other heirs of said Alexander Stewart, then deceased, to set aside and cancel the said deed from said Alexander Stewart of February 3, 1860, under which the defendant in this action and the said James A. Stewart then claimed title to said tract. The plaintiffs and defendants in that action were all of the heirs at law of said Alexander Stewart, deceased; and the said James A. Stewart, one of the defendants in that action, during its pendency conveyed to his codefendant in that action and the defendant in this action his interest, as before stated. In that action the plaintiffs, of whom the plaintiff in this action was one, set out in their complaint, among other things, that the defendants therein, ever since March 8, 1873, had, and still held, possession of and occupied the premises, claiming to own the same under the said deed of February 3, 1860. Judgment was rendered in that action June 21, 1879, declaring that the deed executed by Alexander Stewart to the defendants therein, and under which the defendant in this action claims title, " was without consideration, and not delivered, and was procured by fraud, and put upon record by the said defendants," and, in substance, that all the plaintiffs in that action and the defendants therein were tenants in common of said land and entitled to participate in a division thereof. This judgment was affirmed by the supreme court November 30, 1880, and a history of the litigation will be found in 41 Wis. 624 and 50 Wis. 445.

It appears that the defendant in this action as well as the former one continued to remain in possession of the land in question, and to claim the same adversely as against all others, notwithstanding the decree. The plaintiff in this action was also one of the plaintiffs in the former one, and has acquired and owns an undivided half interest therein, if his right to the same is not barred by the alleged adverse possession of the defendant under the deed of February 3,

1860, so adjudged void. The defendant testified that he had been in continual possession claiming title by virtue of that deed; that he claims to own it by virtue thereof.

The circuit court found in favor of the defense, and that the plaintiff's claim of title was barred by the statute of limitations, and that the adverse possession of the defendant under color of title had ripened into a perfect title; that it would be unjust and inequitable to permit the plaintiff to now claim the benefits of the labor and money expended on the premises by the defendant while the plaintiff well knew he claimed the land, and that the plaintiff had been guilty of laches. Judgment was given dismissing the complaint and adjudging the defendant to be the owner in fee of the premises claimed, from which the plaintiff appealed.

For the appellant there was a brief by *Carney, Clasen & Walsh*, attorneys, and *Bashford, O'Connor & Polleys*, of counsel, and oral argument by *R. M. Bashford*.

*E. Merton* and *T. E. Ryan*, for the respondent, argued, among other things, that the deed though declared void was such a written instrument as is contemplated by sec. 4211, R. S. *McMillan v. Wehle*, 55 Wis. 685; *Meade v. Gilfoyle*, 64 id. 18. See, also, *Ellington v. Ellington*, 103 N. C. 54; *Hill v. Wilton*, 2 Murph. (N. C.), 14; *Reddick v. Leggat*, 3 id. 539; *Piper v. Hoard*, 107 N. Y. 67; *Garvin v. Garvin*, 31 S. C. 581; *Mabary v. Dollarhide*, 98 Mo. 198; *Doe ex dem. Kennedy's Heirs v. Reynolds*, 27 Ala. 364; *Jackson ex dem. Beekman v. Haviland*, 13 Johns. 229; *Smith v. Trabue*, 1 McLean (U. S.), 87. The plaintiff was guilty of such laches as will bar a recovery. *Bacon v. Chase*, 50 N. W. Rep. (Iowa), 23; *Tash v. Adams*, 10 Cush. 252; *Carpenter v. Carpenter*, 70 Ill. 463; *The Key City*, 14 Wall. 653; *Jackson ex dem. Bradt v. Whitbeck*, 6 Cow. 632.

PINNEY, J. The judgment in the former case of *Stewart v. Stewart*, 50 Wis. 445, which was put in evidence by the

plaintiff, is conclusive upon the title to the tract of land in dispute. All the heirs at law of Alexander Stewart, through and under whom both parties claim title, were the parties to that action. The plaintiff in this action and those of his coheirs under whom he claims were some of the plaintiffs, and the defendant in this action and James A. Stewart, who conveyed, pending that suit, to him his claim under the deed of February 3, 1860, from Alexander Stewart to *Archibald A. Stewart* and James A. Stewart, were defendants. This judgment is clearly final and conclusive as to all matters adjudged by it. *Allie v. Schmitz*, 17 Wis. 169. The proposition is elementary, indeed, and it is not necessary to cite authorities to support it. The judgment established the utter invalidity of the deed of February 3, 1860, as a source or foundation of title or claim of title. From thenceforth, as to the parties to it and those in privity with them, it was as if it had never existed, and each and all of the parties were forever after the rendition of this judgment estopped from asserting any title or claim of title to the premises in question under it, and destroyed it root and branch for any and every purpose whatever. Any other view, would be utterly inconsistent with the conclusive effect of judgments as to matters actually determined by them. In the case of *Hoyt v. Jones*, 31 Wis. 389, 400, it was said by DIXON, C. J., that "the effect of the judgment of a court of competent jurisdiction, setting aside and nullifying a conveyance of record of land, is no less than if such record was actually effaced from the register's books. It becomes as if no such conveyance had ever been executed or ever been recorded."

The judgment in question was also conclusive on the *status* or relation of the parties to each other, and their rights in and to the tract of land in question, and conclusively established the fact that the parties to it were tenants in common of the premises, and that all their rights

and relations to this tract of land in respect to each other were then such as grow out of that relation, and of necessity put an end to the contention that the defendants in that action then held the same adversely under claim of title exclusive of any other right, founding such claim upon the alleged written instrument relied on, namely, the deed of February 3, 1860. This made the defendant's claim of title necessarily, and his possession under it, in law, what it declared it to be in fact,— that of a tenant in common with the other parties named in the decree; for, this deed aside, the defendant in this action, as well as James A. Stewart, who conveyed to him during the pendency of the former action, were also heirs at law of the said Alexander Stewart, deceased, with the rights of such as established by the judgment, after their claim to the entirety had been declared void. And, if their possession had been adverse up to that time, the judgment put an end to and interrupted its adverse character, and established the rights of all parties to the land equally as heirs of Alexander Stewart, deceased, and restored the seisin of all of them alike, if it had been interrupted as to any, so that the possession of the defendant, if adverse prior to the judgment, cannot be relied on or tacked to his subsequent adverse possession, if such it has been, in order to make out his defense.

Any substantial interruption of an adverse possession before the lapse of the period required to constitute the statutory bar restores the seisin of the rightful owners of the legal title, and, in order to give rise to the statutory bar thereafter, a new entry and disseisin is necessary. Wood, Lim. Act. 574, 576; *Haag v. Delorme*, 30 Wis. 594. The running of the statute may be interrupted if the possession ceases to be adverse, although possession in fact continues. If the defendant had made a quitclaim to his co-heirs of all his right, title, and interest in the premises acquired under the particular deeds under which he claims,

there can be no question but that his continued possession would, in such a case as this, be considered as under and in subordination to the legal title of all the heirs as tenants in common, and not adverse and under claim of title founded on those deeds.  After a valid execution sale of land and conveyance by the sheriff, the continued possession of the defendant in the execution is not adverse, but in subordination to the rights of the purchaser at the sale. *Swift v. Agnes*, 33 Wis. 228, 241.

The judgment in question operated and had in law the effect of a release by the defendant of all right, title, and interest acquired by him under the deeds upon which he now seeks to found his defense under the ten years statute of limitations; and it estopped him, and disabled him in law, from making any claim of title thereafter founded on those deeds.  *Gower v. Quinlan*, 40 Mich. 572; *Hoyt v. Jones*, 31 Wis. 389, 402; *Brolaskey v. McClain*, 61 Pa. St. 166.  A deed not delivered is not operative for any purpose, and is not, we think, a written instrument, within the statute in question; certainly it cannot be considered such as between parties and privies to an action in which its non-delivery and invalidity have been adjudged.  For these reasons the possession of the defendant after the judgment could not become adverse for the purposes of the ten years statute without he acquired a new claim of title or made a new entry or its equivalent.  His subsequent possession, even if adverse, has not been under claim of title exclusive of any other right, founding such claim upon some written instrument as being a conveyance of the premises in question, and therefore the defense under sec. 4211, R. S.. has not been made out.  His possession subsequent to the judgment did not continue twenty years before this action was commenced, so as to enable him to make out a defense under secs. 4213, 4215.  The case of *Mabary v. Dollarhide*, 98 Mo. 198, and cases there cited, are distinguishable from this, in that the judgment or de-

cree relied on to interrupt the course of the statute was
not one between tenants in common, adjudging void a pre-
vious conveyance essential to the statutory bar, and that
it had never been delivered, and that the parties to the
suit held and owned the lands in question as tenants in
common, so that by force of the judgment the possession
of the defendant was made necessarily the possession of
each and all of them, and thereby its former adverse char-
acter taken away.

2. The silent possession of the defendant since the judg-
ment, accompanied by no act which can amount to an
ouster, will not be construed into an adverse possession.
*Challefoux v. Ducharme*, 4 Wis. 554, 564. If the fact that
the parties are cotenants is established, the burden is upon
the one claiming to hold adversely to establish such a state
of facts, known to his cotenant, as will amount to an ad-
verse claim of title. Though in ordinary cases open and
notorious possession is sufficient, in case of tenants in com-
mon the rule is different. Freem. Coten. § 22; *Clymer's
Lessee v. Dawkins*, 3 How. 674; *Barr v. Gratz*, 4 Wheat.
213. In *Sydnor v. Palmer*, 29 Wis. 249, the rule is laid
down that, " where one tenant in possession, having once
acknowledged the right or title of the other tenants, seeks
to oust or dispossess them, and to turn his occupancy into
an adverse possession or enjoyment, so as to acquire the
title of the entire estate by lapse of time under the statute
of limitations, he must show *when* knowledge of such ad-
verse claim or of his intention so to hold was brought home
to the other tenants; for from that time only will his pos-
session be regarded as adverse." Such is always the rule,
unless the exclusive use and enjoyment or sole and unin-
terrupted possession and pernancy of the profits by one
tenant in common have been so long continued as to give
rise to the presumption of or justify the jury in finding
knowledge or acquiescence on the part of the other tenants
for the period prescribed by the statute. But, whatever

view may be taken of this branch of the case, the defense of the statute of limitations, for reasons already stated, wholly fails. Authorities to this effect exist in great number, and we hold that the rule is the same where the cotenancy of the parties has been adjudged in a suit to which all the cotenants were parties. The evidence wholly fails to meet the requirements of this rule, and shows only an open and notorious possession by the defendant, which, as we have seen, is not, as between tenants in common, sufficient.

Our conclusion upon the whole case is that the judgment in the former suit prevents the deeds under which the defendant claims being made a basis or foundation for the ten years statute of limitations, and this view seems to be decisive of the merits of the case. As to the claim of *laches*, and of the defendant's equity founded upon his having made permanent and valuable improvements on the premises, it is sufficient to say that when the judgment was rendered in the former suit, which was affirmed by this court, the defendant well knew that he had no interest in the lands except as tenant in common with the other claimants. He has not, so far as the evidence shows, been misled by the conduct of his cotenants, nor did he notify them, after the judgment in the former case, that he claimed the entirety of the premises. According to his own testimony, he kept on claiming title under the old deed, disregarding the judgment which declared it void and that it had not been delivered. He cannot now have any claim, except to an accounting between his cotenants, which may perhaps afford him a remedy, but of this we express no opinion. For these reasons the judgment of the circuit court must be reversed, and, inasmuch as there is no finding upon the question of mesne profits or damages, a new trial must be awarded.

*By the Court.*— The judgment of the circuit court is reversed, and case remanded for a new trial.