[No. 6414. Decided November 1, 1906.]

GEORGE BIRD, *Respondent*, v. HENRY WINYER *et al., and* J. H. McDONALD, *Administrator of the Estate of Frank Winyer, Deceased, Appellants.*[1]

JUDGMENT—RES ADJUDICATA—ESTOPPEL. While a judgment quieting title to a portion of a tract of land is not *res adjudicata* as to the balance of the tract, yet where the parties to another action to quiet title to the balance are the same, the issues the same, and the evidence would be the same as in the former action, the judgment therein operates as an estoppel against the assertion of title determined by such judgment.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 10, 1906, in favor of the plaintiff, upon sustaining a demurrer to the affirmative defense in the answer, in an action to quiet title. Affirmed.

*Chas. Bedford,* for appellants.

*Geo. T. Reid* and *Jas. J. Anderson,* for respondent.

PER CURIAM.—The complaint in this action alleges that the plaintiff was formerly a member of the Puyallup tribe or band of Indians, residing on the Puyallup Indian reservation in this state; that on the 30th day of January, 1886, there was allotted and patented to him, as the head of a family consisting of himself and wife, certain lands particularly described in the complaint; that such allotment was made and patent issued pursuant to the 6th article of the treaty between the United States and the Puyallup and other Indians, concluded on the 26th day of December, 1854; that said land is timber land, wholly unfit for cultivation, and is unoccupied; that the plaintiff and Mary Bird, his wife, resided on other lands embraced in said patent until the death of the latter on the 15th day of August, 1887; that said Mary Bird left surviving her two sons by a former marriage,

[1] Reported in 87 Pac. 257.

both of whom were adults at the time of the issuance of the
aforesaid patent, and lived with their families on allotments
of their own; that the defendants herein are the heirs at law
of the said Mary Bird, deceased, and as such claim an in-
terest in the lands and premises described in the complaint;
that such claim is without warrant or authority of law, and
that the restrictions upon the alienation of the lands de-
scribed in said patent were removed on the 3d day of March,
1903. A copy of the patent is attached to the complaint,
and the prayer is for judgment removing a cloud and quiet-
ing title.

The answer denies that the claim of the defendants is with-
out right, and alleges affirmatively, that the Interior Depart-
ment, of the United States, in dealing with the Puyallup
Indians under the above treaty, has always construed said
treaty, and the patents issued thereunder, as conveying the
legal title to the lands described in each patent to the indi-
viduals therein mentioned as a family, in equal portions, the
husband and wife taking their portion as community prop-
erty; that pursuant to said treaty and the act of March 3,
1893, the President of the United States appointed a com-
mission of three persons, whose duties and instructions under
the law were to ascertain and determine the ownership of
the above lands and other lands on said reservation; that said
commission did proceed to ascertain and determine the own-
ership of said lands and found and determined that the de-
fendant Henry Winyer was the owner of a one-fourth in-
terest therein, that Frank Winyer, for whose estate the de-
fendant McDonald is administrator, was the owner of a
one-eighth interest therein, that one Lilly Winyer, since
deceased, was the owner of a one-eighth interest therein, and
that the plaintiff herein was the owner of a one-half interest
therein, that such finding and determination was reported
to the secretary of the interior and by him approved, and
that a large portion of the lands on said reservation have

been sold, and more than $100,000 in money paid out and distributed under said treaty and patents construed as aforesaid. The court sustained a demurrer to the affirmative defense in the answer, found the facts as alleged in the complaint *and the affirmative defense*, and entered judgment according to the prayer of the complaint. From this judgment the defendants appeal.

The case of *Bird v. Winyer*, 24 Wash. 269, 64 Pac. 178, is decisive of this case, but the appellants maintain that the case cited was overruled in part by *Guyatt v. Kautz*, 41 Wash. 115, 83 Pac. 9, and should now be overruled in its entirety. They further maintain that the judgment in the former action is not *res adjudicata* in this. The only difference in the two cases lies in the fact that the former action was brought to quiet title to that portion of the land, described in the patent, which was in Pierce county at the time that action was commenced; whereas, the present action is brought to quiet title to that portion of the land, described in the same patent, which was in King county at the time the former action was commenced, but is now in Pierce county by reason of a change in county lines. The subject-matter of the two actions was, therefore, not the same, and the former judgment is not *res adjudicata* here. However, the parties were the same, the issues were the same, and the evidence that would sustain or defeat the former action would also sustain or defeat the present. It was adjudged in the former action that Mary Bird, the deceased wife of the respondent, had no interest in the lands described in said patent at the time of her death, and that the defendants in said action as her heirs at law took nothing and could claim no interest therein; and under all the authorities such former judgment operates as an estoppel against the claim of title asserted by the defendants in this action, they being the same or in privity with the defendants in the former action. *Cromwell v. The County of Sac*, 94 U. S. 351, 24 L. Ed. 195; Freeman, Judgments (4th ed.), § 253 *et seq.*

We recognize the fact that the judgment in the former action is not technically before us as it was not pleaded, but the appellants have directed our attention to it and ask us to overrule it. Should we overrule that case, reverse the judgment in this, and remand the cause for further proceedings, it would only be necessary for the respondent to bring the former judgment properly to the attention of the trial court in order to defeat any conclusion we might reach. It may be claimed that we should direct a final judgment in favor of the appellants on reversal, but, inasmuch as the respondent was justified in relying upon the former opinion of this court in preparing and submitting his case, we would not be justified in adopting such a course. If the case should be reversed at all, it should be remanded for further proceedings in the court below. The only effect of a reversal would be to establish a rule affecting the rights of parties not now before the court, and this we decline to do.

The judgment in this case is therefore affirmed, on the authority of *Bird v. Winyer, supra,* without expressing any opinion on the questions presented and discussed in the appellants' brief.