# Jackson v. Badham.

*Bill to Quiet Title.*

(Decided May 13, 1909. Rehearing denied June 30, 1909.
50 South. 131.)

*Deeds; Delivery; Condition; Waiver.*—Where a grantor conveyed lands to a trustee to be held until the formation of a certain company, the trustee to convey to the company if it agreed to fulfill certain expressed conditions, and the grantor was to receive a cer-

tain amount in cash, and the balance in paid up stock of the company, the grantor by receiving the stock which was to be issued to him on the final delivery of the deed, and by attending meetings of the stockholders while the land was being platted, etc., waived a fuller compliance with the conditions, although they were to precede actual delivery of the deed.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Mollie Jackson against Henry L. Badham to quiet title. Decree for respondent and complainant appeals. Affirmed.

GEORGE HUDDLESTON, for appellant. No matter how unessential the directions in a power may seem, one who conveys another's land under it must comply strictly with all the directions, conditions, etc., in the power, or title will not pass; and the burden is on him who claims under such a conveyance to show such compliance.—*Wood v. Lake,* 62 Ala. 489; *Jones v. Morris,* 61 Ala. 518; *March v. England,* 65 Ala. 275; 22 A. & E. Ency. of Law, 1098. A conveyance of land at a time when it is held adversely is void.—2 Mayf. 92. A vendor who remains in possession of the land sold, and with knowledge of the vendee, claims and holds the same adversely to the vendee for ten years acquires title.— *Dolittle v. Robinson,* 109 Ala. 412; *Yancey v. Savannah Co.,* 101 Ala. 234. Where the homestead occupied by the husband at the time of his death does not exceed the area and value allowed by law as exempt, a selection of such property by the widow is not necessary to enforce the right of homestead exemptions, and if the same constitutes all of the decedent's property, the title vests absolutely in the widow.—*Quinn v. Campbell,* 126 Ala. 280; *Faircloth v. Carroll,* 137 Ala. 247; Secs. 4196-7-8, Code 1907, and cases cited. Defendant cannot defeat the action by showing a superior title in a stranger

who had conveyed to defendant while the land was adversely held.—*Kendrick v. Colyar,* 143 Ala. 597.

PERCY, BENNERS & BURR, for appellee. No brief came to the Reporter.

SIMPSON, J.—The bill in this case was filed by the appellant under the statute to quiet title, and also prays that, if it shall be found that the defendant asserts title through any invalid or illegal title, the same shall be canceled and set aside as null and void. It appears, from the pleading and proof, that on October 24, 1887, John Jackson, who was the owner of the land in question, executed a deed (which was joined in by his wife, the complainant) conveying the land to M. T. Summer, as trustee, to be held by him until "the construction company * * * complies with its contract of December 13, 1886, which said contract is made a part of this deed," and provides that if the construction company fails to comply with its contract the deed is to be void. The consideration named in the deed is $80 in hand paid and 5.20 shares in the Clifton Land Company. Said contract is between said Summer and various landholders, including said Jackson, who agree to deliver deeds to the land company to be formed, at the price of $75 per acre, $10 in cash, and $65 in full-paid, nonassessable stock, and said Summer is to convey the said property to said land company when formed, "and provided, also, that the construction company * * * agree and bind themselves to fulfill the following terms and conditions of this contract"—and goes on to provide for the purchase of 1,000 acres of land, also the right of way for a railroad, which is to be built and equipped, "work on said railroad to be begun as soon as rights of way are secured, and in no event longer than

60 days from the organization of the land company."
A subsequent agreement was made, dispersing with the
absolute requirement of securing 1,000 acres of land,
and while the name of said Jackson seems to be signed
by C. McAdory, to said agreement (which is Exhibit
X), yet the agreement of counsel in this case states:
"It is agreed that Exhibit X, attached hereto, is a true
and correct copy of agreement entered into between
John Jackson and others and Summer, trustee, together
with the modification thereof." John Jackson is now
dead, and the complainant claims as widow under the
homestead exemption statute.

The claim of the complainant is that, according to
said agreement, the deed was not to be made by the
trustee to the land company until all the provisions of
the contract were complied with, and that therefore
his act in conveying the property, before such compli-
ance, was beyond his authority as trustee, and the deed
void. We understand the agreement to be that the prop-
erty was to be conveyed to the land company "when it
was formed," provided the construction company agree
and bind themselves, etc. But, in passing over this
question as to whether time was made of the essence of
the agreement, we think the evidence is not clear and
satisfactory as to what part of the land, beyond the two
acres reserved, on which was the dwelling house, was
in possession of Mrs. Jackson, either before or at the
time of the filing of the bill. The evidence also shows
that the agreement was substantially performed, and,
if there was any failure, the testimony is not controvert-
ed that Mr. Jackson, in his lifetime, received the stock
which was to be issued to him on the final delivery of
the deed to the land company; that he attended the
meetings of the stockholders, while the land was being
platted, etc., thus showing a waiver of any conditions

which might have been insisted on; and no offer is made to return the stock.

On the whole evidence, we think the chancellor de-cided correctly, and the decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., con-cur.