Rogers v. Johnson.

JOHN C. ROGERS, Appellant, v. WILLIAM C. JOHNSON.

Division Two, June 23, 1914.

1. **EJECTMENT: Judgment: Suspension of Limitations.** A valid subsisting judgment in ejectment against one in possession and claiming adversely to the plaintiff therein interrupts the peaceable possession of such defendant, and suspends the running of the Statute of Limitations in his favor.

2. ———: ———: ———: **Application of Rule.** But said rule will apply only to the defendant in said suit, unless the defendant in a subsequent ejectment is shown to sustain some relation of privy to the defendant in the former suit, such as that of a purchaser with knowledge or as tenant.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,* Judge.

AFFIRMED.

*G. A. Watson* for appellant.

(1) A judgment in ejectment is conclusive, as long as it remains in force, upon the parties and their

privies whether writ of restitution issues or not. Snell v. Harrison, 131 Mo. 503; Estes v. Nell, 140 Mo. 650; Sanford v. Herron, 161 Mo. 184. The Act of 1895 (now Sec. 1912, R. S. 1909) did not affect a judgment rendered prior to the taking effect of that act. Laws 1895, p. 221; R. S. 1909, sec. 1913; Cranor v. School District, 151 Mo. 119; McFaul v. Haley 166 Mo. 63; Tice v. Ewing, 173 Mo. 55. (2) W. C. Johnson is the privy of G. W. Johnson within the meaning of the above decisions. Long v. Coal Co., 233 Mo. 713; Satterlee v. Bliss, 36 Cal. 514; Boughten v. Hardee, 46 App. Div. (N. Y.) 352; 6 Words and Phrases, p. 5609.

*Patterson & Patterson* for respondent.

(1) The fault with appellant's contention to the effect that "a judgment in ejectment is conclusive, as long as it remains in force, upon the parties and their privies whether writ of restitution issues or not," is that the doctrine has no application to this case. This suit in ejectment is not an action on plaintiff's judgment in ejectment recovered against defendant's grantor in 1895. It is an action based on the same right upon which the said judgment of 1895 was recovered. Plaintiff's said judgment of 1895 conferred no title upon him. That judgment is now dormant and the only right it confers upon plaintiff is the right to bring suit upon the judgment to recover a new judgment. And this suit in ejectment is not such a proceeding. If this were a suit upon the judgment of 1895 to recover a new judgment in ejectment then there might possibly be some color of merit in plaintiff's contentions under this head. R. S. 1909, sec. 6020; Goddard to use v. Delaney, 181 Mo. 571. (2) Plaintiff's contention to the effect that "W. C. Johnson is the privy of G. W. Johnson within the meaning of the above decisions" is also beside the case. The doctrine of privity does not prevent the ten year Statute of

Limitations from running in favor of the plaintiff either before or subsequent to the judgment of 1895. (3) The defendant has acquired title to the fifteen acres in controversy under the doctrine of adverse possession by reason of the fact that his grantor George W. Johnson was in the continuous, open, notorious, actual, exclusive, adverse possession of said land under claim of right from 1884, the date of the administrator's deed to Lee Holland, for more than ten years prior to the institution of the ejectment suit under which plaintiff recovered judgment against George W. Johnson, defendant's grantor in 1895. The case of Kimmel v. Benna, 70 Mo. 52, the leading case in Missouri on the law of ejectment, is authority for the doctrine that a defendant can avail himself of title by adverse possession acquired prior to a judgment in ejectment in favor of plaintiff's grantor and against defendant in a subsequent suit in ejectment between plaintiff and defendant. (4) The defendant has acquired title to the fifteen acres in controversy under the doctrine of adverse possession, because of the fact that the defendant and his grantor George W. Johnson was in the continuous, open, notorious, actual, exclusive, adverse possession of said land under claim of right from 1884 to 1909, the time of the institution of this suit in ejectment, the said judgment in ejectment of 1895 in favor of the plaintiff and against George W. Johnson, notwithstanding, for the reason that the said judgment was not enforced by writ of restitution and cannot now be so enforced, more than ten years having elapsed since its rendition. Barrel v. Title G. & T. Co., 39 Pac. 996; Dunn v. Miller, 75 Mo. 560; Leo v. Reynolds, 27 Ala. 364; Smith v. Hornback, 4 Litt. (Ky.) 322, 14 Am. Dec. 322; Jackson v. Haviland, 13 Johns. (N. Y.) 229; Forbes v. Caldwell, 39 Kan. 14; Smith v. Trabue, 1 McLean (U. S.), 87; Moore v. Greene, 19 How. 71; Barry v. Otto, 56 Mo. 177; Ridgeway v. Holliday, 59 Mo. 444. (5) A judg-

ment in ejectment never affects an after acquired title. And a defeated party may, therefore, prove that the right to the possession has come to him since the determination in the former suit. Freeman on Judgments, sec. 302; Mahoney v. Van Winkle, 33 Cal. 448; Emerson v. Sansome, 41 Cal. 552; Foster v. Evans, 51 Mo. 39.

WALKER, P. J.—Ejectment for the possession of fifteen acres of land in Greene county, Missouri, described as five acres off of the west side of the southwest quarter of the southwest quarter of section 8, and ten acres off of the east side of the southeast quarter of the southeast quarter of section 7, all in township 28, range 20.

This suit was commenced in the circuit court of Greene county in 1909. Upon a jury being waived, the issue was tried by the court, and a judgment rendered in favor of the defendant, from which the plaintiff appeals.

In 1895 plaintiff obtained a judgment in ejectment against one George W. Johnson, a brother of defendant, who resided in Montana, for the above-described land, but plaintiff never exercised any acts of ownership in regard to same except to pay the taxes thereon for the year 1898, and one previous year, the taxes for twelve other years prior and subsequent to 1898 being paid by the defendant. At the time the taxes were paid by plaintiff, the defendant was in possession of the property and had been prior thereto. It is evidently the contention of the plaintiff, although there is no direct evidence to that effect, that before the rendition of the judgment in ejectment in favor of plaintiff against George W. Johnson, defendant's possession was that of a tenant of said Johnson.

In 1898 defendant purchased the land in question from George W. Johnson, but did not receive a deed thereto until 1901, which deed was offered in evidence,

but had not been recorded. Defendant contends that prior and subsequent to the date of said purchase his possession was open, adverse, hostile and continuous; that he never knew of plaintiff's claim to same and had no knowledge of the latter's having obtained a judgment for said land against his brother in 1895. An effort was made to show that plaintiff had a writ of restitution issued following his obtaining of the judgment aforesaid, but this claim had no other foundation than his own testimony; testimony from the same source was offered in an attempt to show that the defendant was a privy to his brother George W. Johnson, and that defendant had acknowledged the ownership of plaintiff in the property; this testimony was at variance with the other facts in evidence and the court found adversely to plaintiff's contention relative thereto.

Plaintiff insists that his judgment against George W. Johnson in ejectment is conclusive as to his right of possession in said property as long as it remained in force, and that it was not necessary so far as its effect is concerned upon the party against whom it was rendered and his privies that a writ of restitution be issued to suspend the running of the statute.

**Ejectment: Limitations Suspended By Judgment.**

The principle is well established that a judgment in ejectment against one in adverse possession breaks the continuity of such possession, and the adverse possession of the plaintiff in the ejectment proceeding dates from the judgment, when he is in law invested with the possession.

The rule as originally announced in this State was that the mere recovery of a judgment in ejectment would not suspend the running of the Statute of Limitations in favor of him against whom it is rendered; that in order to have that effect possession must be taken under the judgment or something done to make

the defendant's possession subordinate to the plaintiff's title. [Mabary v. Dollarhide, 98 Mo. 198.] However, this court in Banc in Snell v. Harrison, 131 Mo. 495, held that a valid, subsisting judgment in ejectment against one in possession and claiming adversely interrupted the peaceable possession of the defendant and suspended the running of the statute in his favor, thus overruling Mabary v. Dollarhide, supra, so far as it announced a different doctrine. The rule as thus announced has since received the unqualified approval of this court in the cases of Estes v. Nell, 140 Mo. 639, and Sanford v. Herron and Uhri, 161 Mo. 176.

The application of the rule here, however, must, under the evidence, be limited to George W. Johnson, the defendant in the suit brought by plaintiff in 1895, as there is no evidence, despite the relationship of the parties, upon which to base the conclusion that the defendant in the instant case was his privy. Without any knowledge whatever of the judgment in plaintiff's favor, and so far as the record discloses, in perfect good faith, defendant bought, for a valuable consideration, from George W. Johnson the title to the property in question; in this purchase the conclusion is evident that his intention and purpose was, in addition to his adverse occupancy, to acquire a paper title. It is true that he did not receive a deed in consummation of this purchase until 1901, but during all the time that elapsed from 1898 to the date of the receipt of the deed he was living on the land, and exercising all the acts of dominion incident to ownership, and so continued thereafter. During this time and subsequent thereto, plaintiff did not in any manner attempt to interfere with defendant's possession, nor assert his claim to the land except to pay the taxes for the two years as stated.

Under our view of this case we need not discuss the question as to whether or not the ten-year Statute

*Application of Rule.*

of Limitations in regard to the presumption of the satisfaction of a judgment under section 1912, Revised Statutes 1909, is applicable, because defendant's possession had ripened into a title before the institution of the suit herein by plaintiff. We hold, therefore, that the defendant's possession was adverse, hostile, open, notorious and continuous before and from the date of his purchase from George W. Johnson and continued up to the time the plaintiff brought this suit, and that under such possession defendant has acquired title.

The judgment of the trial court should, therefore, be affirmed, and it is so ordered.

*Brown* and *Faris, JJ.*, concur.