(124 So. 217)

## GRAYSON v. MUCKLEROY. (6 Div. 266.)

Supreme Court of Alabama. June 6, 1929.

Rehearing Granted June 27, 1929. Further Rehearing Denied Oct. 31, 1929.

Rudulph & Smith and Stokely, Scrivner, Dominick & Smith, all of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

BROWN, J. This is a statutory action in the nature of an action of ejectment, brought by the appellant on June 8, 1927, against appellee, to recover possession of certain lots, numbered from 1 to 12, inclusive, in block 47, and lots numbered from 1 to 14, inclusive, in block 44, as designated on the survey of South Birmingham Land Company, recorded in Map Book 3, page 83, in the office of the judge of probate of Jefferson county, Alabama. The complaint consisting of a single count is in statutory form, and the plea was not guilty, pleaded in short by consent, with leave, etc.

The evidence is without dispute that the lots described in the complaint were a part of a tract of eight acres of land conveyed by John Jackson and his wife, Mollie, by deed executed on the 24th day of October, 1887, to "M. T. Sumner, trustee," and at the time of this conveyance the grantors therein were in possession of the property. The plaintiff's evidence shows a complete paper title from Sumner, through Henry L. Badham, unto H. H. Goldstein, who returned the property for taxes for the years 1914 and 1915; but, failing to pay the taxes, the property was sold, plaintiff purchasing at the sale, and, after the lapse of the period allowed for redemption, received a tax deed thereto. The regularity of the tax sale proceedings is not questioned.

In addition to the foregoing, the plaintiff offered a duly authentical transcript of the record and proceedings in the chancery court of Jefferson county in the case of Mollie Jackson v. Henry L. Badham, being a proceeding under the statute to quiet title, on a bill filed by the said Mollie Jackson, alleging that the complainant owned and was in the actual possession of a certain specifically described tract of land, located in the northeast quarter of the northeast quarter of section 13, township 18, range 3 west, in Jefferson county, Alabama, containing 10 acres,

more or less, and that Badham claimed to own said land, or a part thereof, or to have some interest in the same, and averring, in substance, that he had no title or valid claim thereto, and calling upon him to set forth and specifically avow his right, title, or claim to the property. This bill was filed on the 3d day of October, 1902. On December 18, 1902, Badham answered, denying the complainant's possession and ownership of the property, and avowed ownership and title in himself, in and to blocks 44, 46, and 47, according to the survey of the Clifton Land Company, on record in B. L. page 139, of the records of Jefferson county, and alleging that said blocks were included in and a part of the lands described in the bill, and claiming title through the deed made by John Jackson and wife to M. T. Sumner, trustee, and intermediate conveyance through the Berney National Bank, who purchased at a mortgage foreclosure sale. On June 18, 1907, the answer was amended so as to limit the defendant's claim to so much of the lands as was embraced in blocks 44, 45, 46, and 47, in effect, as the evidence now shows, disclaiming ownership of 2 acres, a part of the 10-acre tract, not conveyed by Jackson and wife to Sumner, trustee—only 8 acres of the 10 being so conveyed.

On July 9, 1907, the chancery court entered a final decree in said case, settling and quieting the title of the complainant, Mollie Jackson, to the 2 acres, and adjudging the defendant, Badham, to be the owner in fee simple of the lands described in his amended answer. This decree was affirmed on appeal May 13, 1909. Jackson v. Badham, 162 Ala. 484, 50 So. 131.

The defendant, claiming under Mollie Jackson, who was his mother, offered evidence going to show, after she joined in the deed to Sumner, her husband having abandoned her, she continued in the actual possession of the property, claiming to own it, until her death in the year 1919; that defendant, claiming under her by inheritance, succeeded to her possession, and has continued in the actual, open, adverse possession of the property up to the filing of this suit, covering the period between 1889 to June 8, 1927, and during all of this time the property in suit was inclosed by a fence maintained by Mrs. Jackson and the defendant, who made use of the property for cultivation, pasture, orchards, and the sale of timber and gravel therefrom.

Neither Mollie Jackson nor defendant had color of title, nor did they list the property for taxes or pay the taxes thereon. Nor did they, or either of them, file a declaration of adverse possession as required by the Act of February 11, 1893 (Acts 1893, p. 478), subsequently incorporated in the Code of 1896 as sections 1541, 1542. In addition to the failure of defendant and his mother to assess and pay the taxes on the property, on cross-examination of the witness offered by defendant to show continuous adverse possession, other facts were developed tending to rebut the bona fides of the defendant's claim of ownership.

The trial court, by charges given at the insistence of the plaintiff, instructed the jury, and correctly so, that defendant could not defeat the plaintiff's right to recover, on showing possession for 10 years; this for the reason that he had failed to show either color of title, the filing of a declaration of adverse possession, as required by the statute of 1896 (sections 1541, 1542), or the listing of the land for taxes, for a period of 10 years next before the commencement of this action. Code 1923, § 6069.

This left for determination the single question of whether or not the possession of the defendant and Mollie Jackson, under whom he claimed, had been adverse and continuous for a period of 20 years, enabling the defendant to invoke the doctrine of prescription. While, as we have stated, there was evidence tending to rebut a bona fide claim of ownership by the defendant and his mother, on the whole this was a question for jury decision, unless the proceedings to quiet title instituted by Mrs. Jackson, and eventuating in a decree establishing title in Badham, interrupted the continuity of Mrs. Jackson's adverse possession, in such sort as to prevent defendant from showing her possession prior to the decree, and tacking this to her subsequent possession and that of his own in completion of the 20 years.

Appellee's contention in this respect is that, inasmuch as Badham failed to take any steps to enforce the decree, by subsequent action or writ of possession, the decree itself is without virtue to interrupt and break the continuity of her possession, citing in support of this contention Bellenger v. Whitt, 208 Ala. 655, 95 So. 11; Bradford v. Wilson, 140 Ala. 633, 37 So. 295; Bessler v. Powder River Gold Dredging Co., 90 Or. 663, 176 P. 791, 178 P. 237; Rosenstihl v. Cherry, 114 Ohio St. 401, 151 N. E. 642; Endicott v. Haviland, 220 Mass. 48, 107 N. E. 394. In the two cases first cited, it was held, and this seems to be the general rule, that the recovery of a judgment in an action of ejectment for the possession of land, without dispossession by writ thereunder, does not interrupt the continuity of the defendant's possession. 2 C. J. 109. This is so because of the rule of the common law founded on the fictitious character of the action of ejectment, denying conclusiveness to such judgments, now modified by statute requiring two judgments in favor of the defendant founded on the same title as conclusive evidence of his title. Code 1923, § 7474; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147; Miles v. Caldwell, 2 Wall. 35, 17 L. Ed. 755; Remilliard v.

Authier, 20 S. D. 290, 105 N. W. 626, 4 L. R. A. (N. S.) 295.

In Rosenstihl v. Cherry, supra, the decree in the action to quiet title was construed as not embracing the lands involved in the subsequent action, and in the course of the opinion the court observed: "The petition must be construed to mean such possession of lot 661 as Flater actually enjoyed at the time. Pleadings are to be construed as referring to the conditions surrounding the parties at the time of filing, unless the contrary appears. It was only so much of lot 661 of which Flater was in possession for which he was entitled to have his title quieted. The fence agreement in Flater's predecessor's deed and the construction placed thereon by the parties after its erection, by each party occupying up to the line thereof, indicate that so much of lot 661 as then occupied by the parties was in contemplation when the suit was filed to remove the various clouds from the title of lot 661." Though much was said in the opinion about the failure of Flater to have the decree carried into effect by writ of possession, the real ground of the decision is indicated by the excerpt quoted above.

In Endicott v. Haviland, supra, the party in possession filed a bill to enjoin her adversary from evicting her, and sought specific performance, and the decree dismissed the bill, and it was there held that this decree did not interrupt the running of the statute of limitations.

While there is conflict in the decisions of the different jurisdictions as to whether a decree in a proceeding to try title is conclusive as to the status of the title as between the parties and their privies, an examination of the cases demonstrates that this conflict arises out of the difference in the statute law of the several states authorizing such proceedings and the issues involved and the character of the decree. Remilliard v. Authier, supra; Stewart v. Stewart, 83 Wis. 364, 53 N. W. 686, 35 Am. St. Rep. 67; Bessler v. Powder River Gold Dredging Co., 90 Or. 663, 176 P. 791, 178 P. 237; Rosenstihl v. Cherry, 114 Ohio St. 401, 151 N. E. 642; Snell et al. v. Harrison et al., 131 Mo. 495, 32 S. W. 37, 52 Am. St. Rep. 642; Rogers v. Johnson, 259 Mo. 173, 168 S. W. 613; Wade v. McDougle, 59 W. Va. 113, 52 S. E. 1026; Oberein v. Wells, 163 Ill. 101, 45 N. E. 294; Perry v. Eagle Coal Co., 170 Ky. 824, 186 S. W. 875.

This brings us to consider the scope and effect of a decree in a proceeding to quiet title under our statute. Code 1923, § 9905. In Adler et al. v. Sullivan, 115 Ala. 583, 22 So. 87, a bill to quiet title under the statute, it was observed that "the final decree shall settle the rights of the parties in the lands which shall be binding and conclusive upon them. Section 5. The purpose of the statute [as we said in Cheney, Trustee, v. Nathan, 110 Ala. 254 [20 So. 99, 55 Am. St. Rep. 26] is simply to fix the status of the land in respect of ownership—to re-establish by decree muniments of title to it.' *Without the answer to the case as made by the bill, such a decree could never be rendered.*" The effect of the holding in that case is, though the bill avers more than the statute requires and sets up the complainant's muniments of title, the defendant cannot on demurrer to the bill attack the complainant's title, but must first avow and prove at least a prima facie title in himself.

And in Friedman & Loveman v. Shamblin et al., 117 Ala. 458, 23 So. 821: "In a proceeding of this character it is not necessary for the complainant to prove title to all the land claimed by him and described in the bill in order to obtain relief. The statute contemplates the granting of relief as to such of the lands as the complainant shows title to, and when it appears that the title to a part of the land is in the complainant, while that to the remainder is in the defendant, the court should ascertain and declare these facts and decree accordingly."

In a proceeding under the statute, if the averments of the bill and answer conform to the requirements of the statute, the issues involve everything necessary to a determination by the court as to whether the complainant or the defendant has the superior title to the property, and it is proper for the court under the issues thus found to determine in which of the parties the title resides. Collier v. Alexander, 138 Ala. 245, 36 So. 367; Reeder v. Cox, 218 Ala. 182, 118 So. 338. "The nature and purpose of the proceeding is such as to require an adjudication of the rights and claims of the parties at the time of the rendition of the decree." Rucker v. Jackson, 180 Ala. 109, 60 So. 139, Ann. Cas. 1915C, 1058.

We note in some of our cases such expression as that, "in cases under the statute to quiet title, in the absence of affirmative relief sought by cross-bill, the sole question for determination is whether the respondent has any title to or interest in the property." See Empire Land Co. v. Sanford et al., 218 Ala. 318, 118 So. 563; Burkett v. Newell, 212 Ala. 183, 101 So. 836; Vaughan v. Palmore, 176 Ala. 72, 57 So. 488; Whittaker v. Van Hoose, 157 Ala. 286, 47 So. 741; Stacey v. Jones, 180 Ala. 231, 60 So. 823.

Of necessity the court cannot determine and adjudge that the respondent has title without determining at the same time that the complainant is without title, so that it is clear that all that the court intended to say in those cases was that, if the respondent seeks relief outside of the scope and purpose of the statute, he must do so by cross-bill. This was the effect of the holding in Cheney v. Nathan, 110 Ala. 260, 20 So. 99, 55 Am. St. Rep. 26,

which seems to have been the authority relied on for this rather loose utterance in Whittaker v. Van Hoose, 157 Ala. 286, 47 So. 741; that case—that is, Whittaker v. Van Hoose—being cited as the authority for a like utterance in the more recent case of Vaughan v. Palmore, supra, which was presented here on appeal from a decree overruling the demurrers to the bill. See, also, Fowler v. Ala. Iron & Steel Co., 154 Ala. 497, 45 So. 635; Reeder v. Cox, 218 Ala. 182, 118 So. 338; Manning v. Manning, 203 Ala. 186, 82 So. 436.

In Whittaker's Case the complainant claimed title under a deed executed by Katie D. Dickerson and the respondents claimed as her heirs at law, and attacked the validity of the deed on the ground that it was neither properly executed nor delivered. Mr. Justice Simpson, speaking for the court, after stating that, "unless some affirmative relief is sought by cross-bill, the sole question to be determined is whether the respondents have any title to or interest in the property," proceeded to determine the validity of the deed, and held that it was validly executed and had been delivered, vesting the title in the complainant, and therefore the respondents had no title.

The pleadings, both bill and answer, in the case of Mollie Jackson against Henry L. Badham, strictly conformed to the requirements of the statute, and the decree granted complainant relief as to 2 acres of land, not here involved, and adjudged that the title in fee simple to the remaining lands, including the lots involved in this suit, was vested in and held by the defendant Badham. The statutes make this decree conclusive as between the parties and their privies as to the status of the title on the date of its rendition. Code 1923, §§ 7700, 9908; Adler et al. v. Sullivan, 115 Ala. 583, 22 So. 87; Empire Land Co. v. Sanford et al., 218 Ala. 318, 118 So. 563; Pritchard et al. v. Fowler et al., 171 Ala. 662, 55 So. 147; Warrior River Land Co. v. Alabama State Land Co., 154 Ala. 135, 45 So. 53; Rucker v. Jackson et al., 180 Ala. 109, 60 So. 139, Ann. Cas. 1915C, 1058; Bird v. Winmyer, 44 Wash. 264, 87 P. 259, 120 Am. St. Rep. 995; 5 R. C. L. 679, § 54; 34 C. J. 508, 807.

The holding in Gray v. Alabama Fuel & Iron Co., 216 Ala. 416, 113 So. 35, that a decree dismissing the bill in a proceeding to quiet title determined nothing more than that the complainant did not have the peaceable possession of the land in controversy, actual or constructive, at the time of filing the bill, and so far as the title was concerned the decree was res non judicata in no sense conflicts with the conclusion heretofore stated. Proof of peaceable possession, actual or constructive, was necessary to sustain the equity of the bill, and in the absence of such proof the court was without jurisdiction to adjudicate and determine the title. Buchmann Abst. & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675.

The doctrine of prescription is peculiarly a doctrine of presumption, after the lapse of 20 years of continuous, uninterrupted, peaceable, adverse possession, without the recognition of an adversary right, in the interest of repose, it presumes title in one so holding and forecloses judicial investigation as to the title. McArthur v. Carrie's Adm'r, 32 Ala. 75, 70 Am. Dec. 529; Kidd v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226; Moore et al. v. Elliott, 217 Ala. 339, 116 So. 346; Abercrombie v. Baldwin, 15 Ala. 363; Johnson v. Toulmin, 18 Ala. 50, 52 Am. Dec. 212.

This presumption cannot prevail in the face of a solemn adjudication of a court of competent jurisdiction, which expressly or by necessary implication determines that the person so in possession has no title. Therefore possession prior to the rendition of the decree of July 9, 1907, cannot be tacked to the subsequent possession of Mollie Jackson and that of the defendant in completion of the period of 20 years necessary to raise the conclusive presumption of title in the defendant and his mother. Harsh v. Wald, 205 Ala. 526, 88 So. 844; Stewart v. Stewart, 83 Wis. 364, 53 N. W. 686, 35 Am. St. Rep. 67.

Another contention of the appellee is that two of the deeds constituting a link in the plaintiff's chain of title were executed by Badham in June, 1903, one to Lunsford and the other to Eborn, conveying to them respectively an undivided one-half interest in the land sued for, and at this time Mollie Jackson was in possession, holding adversely to Badham, and therefore, under the decision of Grant et al. v. Nations, 172 Ala. 83, 55 So. 310, said deeds were void, and the subsequent amendment of the statute authorizing the action to be brought in the name of the real owner of the land, though the plaintiff may have obtained his title thereto by a conveyance made by a grantor who was not in possession of the land at the time of the execution of such conveyance, is without influence to cure this defect in plaintiff's asserted title. See, also, Nichols v. Nichols, 179 Ala. 611, 60 So. 855.

At the time of the execution of these deeds the law denied the right of one in possession without color of title or bona fide claim of inheritance, to assert adverse possession, unless he gave notice of such adverse possession and claim by filing in the office of the judge of probate of the county in which the lands were situated a declaration of his claim. Code 1896, § 1541. As we have heretofore stated—and this appellee concedes—no such claim was filed. We are therefore of opinion that the defendant was not in position to invoke the doctrine of champerty in avoidance of the conveyance in question. Nor is his position in this respect aided by the

rule of Jones v. Rutledge, 202 Ala. 213, 80 So. 35, and other cases, holding that compliance with the statute defining adverse possession is not essential to a claim under the doctrine of prescription.

The doctrine of the common law, abolished by statute as to deeds executed subsequent to the adoption of Code 1907, § 3839, that a sale of land in the adverse possession of another and the deed made in pursuance of such sale is champertous and void as against such adverse possessor and those claiming under him, has been uniformly recognized and enforced, when applicable, by the courts of this state. Still, as observed by the New York court, "it is the relic of an ancient policy, which has been treated with but little favor by either Legislatures or courts in modern times, and should not unnecessarily receive a construction which would make it a serious obstacle in the way of the transfer of undisputed titles," etc. Crary v. Goodman, 22 N. Y. 170, 177: Tyler on Ejectment, p. 938; Warv. on Eject. § 300. With us it is more a rule of fiction than of substantive law, for "the result of the decisions has been stated to be [though void as a deed] is construed to be a power of attorney authorizing the grantee to use the grantor's name, as plaintiff in ejectment, to recover the lands, even against the will of the latter. Sedgwick and Wait on Trial of Title to Lands (2d Ed.) § 190. The recovery inures to the benefit of the grantee, though the action is prosecuted in the name of the grantor. Brunson v. Morgan, 86 Ala. 318, 5 So. 495." Pearson v. King, 99 Ala. 125, 10 So. 919.

■ The great weight of the authorities, both in reason and number, is to the effect that, except as regards the element of duration and continuity, the possession requisite to render champertous a deed by a grantor out of possession is in all respects the same as that essential to put in operation the statute of limitations. Paton v. Robinson, 81 Conn. 547, 71 A. 730; Merwin v. Morris, 71 Conn. 555, 42 A. 855; Gernt v. Floyd, 131 Tenn. 119, 174 S. W. 267; Parks v. Barnett, 104 Ala. 438, 16 So. 136; Sharp v. Robertson, 76 Ala. 343; Vandiveer v. Stickney, 75 Ala. 225; Eureka Co. v. Edwards, 71 Ala. 248, 46 Am. Rep. 314; Yarborough's Adm'r v. Avant, 66 Ala. 526; Cawsey v. Driver, 13 Ala. 818.

■ And this question must be determined by the law of adverse possession as it exists at the time of the execution of the deed. While in Bernstein v. Humes et al., 60 Ala. 582, 31 Am. Rep. 52, and other cases cited below, it was held that it was not necessary for the adverse holder to show color of title in order to enable him to invoke the rule against champertous transactions; this was true because the law of adverse possession of that time did not require color of title to enable him to invoke the statute of limitations. All he had to show then was open, notorious, exclusive, and continuous possession under claim of title for the statutory period. This was the law when the following cases were decided: Parks v. Barnett, 104 Ala. 438, 16 So. 136; Bernstein v. Humes, 71 Ala. 260; Dothard v. Denson, 75 Ala. 482; Doe ex dem. Hughes v. Anderson, 79 Ala. 214; Black v. Pratt Coal & Coke Co., 85 Ala. 504, 5 So. 89; Echols v. Hubbard, 90 Ala. 315, 7 So. 817; Alexander v. Savage, 90 Ala. 385, 8 So. 93.

The law of adverse possession was modified materially by the Act of February 11, 1893 (Acts 1893, p. 478), which was carried forward in the Code of 1896 as sections 1541–1545, in force at the time of the execution of the deeds in question by Badham to Lunsford and Eborn. Section 1541 provides: "Any person who, without color of title or bona fide claim of inheritance or of purchase, enters upon real estate and asserts adverse possession thereof, must give notice of such adverse possession and claim by filing, in the office of the judge of probate of the county in which the land lies, a declaration in writing subscribed by him, setting forth such claim and particularly describing the real estate of which he claims to be in the adverse possession, and such declaration must be recorded in a book to be kept by the judge of probate for that purpose." And section 1545 provides: "Until the filing of such declaration, no such possession of real estate shall be deemed adverse to any one; and no evidence of such adverse possession * * * shall be received in any suit involving the title to such real estate," etc. In deciding the case of Mahan v. Smith, 151 Ala. 482, 44 So. 375, the court erroneously applied the law of adverse possession as it existed prior to the Act of February 11, 1893, and in this respect that case is unsound and must be overruled.

■ There is another point presented, however, that is fatal to the plaintiff's case. As heretofore pointed out, the plaintiff relies on a title obtained through a sale of the property for taxes. In one instance the tax sale was made on June 17, 1915, and in the other on June 22, 1916. Under the statutes then in force, after the expiration of two years from the date of the sale, the purchaser at tax sale was entitled to receive a deed from the judge of probate. Code 1907, § 2296; Acts 1915, p. 468, § 218. Under section 2311 of the Code of 1907, now section 3107 of the present Code (Code 1923), as well as Acts 1915, p. 474, § 239, providing, "No action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed," this action is barred by this statute of limitations. Capehart v. Guffey, 130 Ala. 425, 30 So. 390. This entitled the defendant to the affirmative charge, and rendered all rulings against the plaintiff innocuous.

Affirmed.

All the Justices concur.