Giovanni Moretti
vs. } Eq. No. 10304.
Vera C. Finn, et al.

Frank A. Di Prete
vs. } Eq. No. 10310.
Vera C. Finn, et al.

December 6, 1930.

BLODGETT, P. J. Heard upon bills, answers and proof.

Bill seeks to establish title to real estate by adverse possession, and seeks to remove a cloud upon the title. Two parcels of land were conveyed by deed in 1917 to complainant, being same parcels conveyed to one Camela Gross and Clara Di Prete in 1916.

November 10, 1890, William R. Randall conveyed to Levi Hooper and Frances E. Hooper the two lots in question by an ordinary warranty deed. Subsequently Levi Hooper conveyed to Camela Gross one of the lots in question and to Clara Di Prete the other lot, by two deeds respectively dated February 24, 1916. The deed recites a conveyance of "all the right, title & interest" of grantor.

Frances E. Hooper, wife of Levi, two sisters, Lillian C. Muzzey and Ida Totman, and one brother, William Hardy, since deceased intestate, leaving a widow Fannie and a daughter Vera C. Finn, one of the respondents in this action. Then the undivided one-half of Frances' descended to her two daughters and brother, one-sixth to each.

The two daughters subsequently conveyed to Levi Hooper their 1/3 undivided interest, and in consequence Camela Gross and Clara A. Di Prete by deed of February 24, 1916, required 5/6 of the two lots in question.

The question to be decided is whether a tenant in common can obtain title against a co-tenant by adverse possession.

Complainants claim to have possession under warranty deeds of the entire fee. The language used is "all the right, title and interest of the grantor."

The interests of grantor was an undivided five-sixths.

The habendum clause is "the aforegranted premises," and the warranty a specific warranty. There is no testimony from the grantor as to what title he supposed he was conveying. Complainants claim they were given

to understand they obtained the entire fee by the deeds, and that they exercised dominion over the land, fenced the same, tilled the ground, gathered the crops and paid taxes for over ten years. If it is assumed that the language used in the deeds of Levi Hooper to predecessors in title of complainants under these deeds of quitclaim rather than warranty, yet no implication of a defect in title can be drawn from the use of a quitclaim deed, so as to make the grantees in the chain of title thereunder purchasers with notice.

> *Babcock* vs. *Wells*, 25 R. I. 23;
> 59 A. L. R. 634 n.

It will be noted that there were three heirs at law of Frances Hooper, wife of said Levi, who took by descent an undivided one-half interest in the two lots described, viz.: two sisters, Lillian G. Muzzey and Ida Totman, and one brother, William Hardy.

In the quitclaim deeds of Lillian Muzzey and Ida Totman to said Levi Hooper, dated August 17, 1915 and August 30, 1915, respectively, grantors convey an undivided 1/3 in an undivided ½ of said lots 60 and 80. Thus Camela Gross, the predecessor in title of complainants, at the time of receiving a deed from Levi Hooper, February 24, 1916, upon examining record would have found that Levi Hooper received by deeds 2/3 only of the one-half left by his wife.

The question to be decided is whether the complainants in present action exercised such dominion over the land as to acquire title by adverse possession from the present respondents. They have held possession for over ten years, during which time their title has not been attacked.

Complainants testify that Giovanni Moretti has been in possession of the land for more than ten years and that his possession has been actual, open, notorious, exclusive, and hostile. These facts are not disputed.

Sec. 3 of Chap. 300, Gen. Laws 1923, provides that nothing in said chapter shall be construed to affect persons under age, of unsound mind or imprisoned or beyond the limits of the United States, they bringing their suits therefor within ten years after such impediment is removed; nor to any person having an estate in reversion or remainder, such person pursuing his title by due course of law within ten years after his right of action shall accrue.

The respondents named are Vera C. Finn, who inherited the interest of her father, William Hardy, the widow of said William Hardy, Fannie Hardy, and Charles L. Finn, husband of said Vera C. Finn.

William Hardy died October 25, 1917.

There has been no question raised that Vera C. Finn was under age at the time of her father's death. She therefore took by descent an undivided one-sixth October 25, 1917. She has begun no action within the ten-year period in which the right of action accrued.

The sole question then is whether her co-tenant acquired title by adverse possession for ten years against her.

The purpose of Chap. 300 of "Title by Adverse Possession" is to quiet titles, and section 3 of the act affords relief to any person under any disability to determine his title after the disability is removed.

In some jurisdictions it has been held that a co-tenant not in possession is entitled to actual notice of an adverse claim.

> *Knowles* vs. *Brown*, 69 Iowa 11;
> *Moody* vs. *Butler*, 63 Texas 210;
> *Stewart* vs. *Stewart*, 83 Wis. 364.

The Court is of the opinion that the conveyances of Levi Hooper to Clara Di Prete and Camela Gross in 1916 were warranty deeds, and that they conveyed to the wife of Giovanni Moretti the entire estate in the two lots in question by warranty deeds. Sub-

sequiently by a series of conveyances the fee rested in Giovanni Moretti and his wife as joint tenants.

"If the conveyance made by a tenant in common, in addition to purporting to dispose of the entirety, contains a covenant of general warranty against the claim of all persons, no room is left for a doubt that the grantor intended to deal with the lands as his individual estate, and that the grantee believed he was acquiring an estate in severality. The entry of the grantee cannot be presumed to be that of a co-tenant, nor in subordination to the rights of the co-tenancy. Acts of ownership on the part of such a grantee must necessarily be adverse to any other part owner. His possession taken under such deed and continuing the requisite period of time, created in him a *complete title in severalty by virtue of the Statute of Limitations.*"

Freeman on Co-Tenancy & Partition, 2d ed. p. 297 and cases cited.

All cases of this nature must be decided upon the testimony adduced.

Moretti is an Italian of very limited education.

The Court is of the opinion that the deeds of Levi Hooper to his predecessor in title were deeds of warranty of the entire fee, and that Moretti, acting on the assumption that the land belonged to him, exercised dominion over the same by erecting a fence, tilling the soil and gathering crops. It gave notice to the world that he owned the land.

After the lapse of the statutory period of ten years it transpires that a person has taken by descent a small interest in said land.

It appears to the Court that under all the evidence this is a case within the purview of the statute in this State for the quieting of titles to real estate.

Decree may be entered sustaining the bill of complainant.

For complainants: James Di Prete.
For respondents: John E. Mullen.